SWANN, Judge.
The parties, husband and wife, entered into a property settlement agreement on October 27, 1961. Each party was represented by private counsel, but the husband insisted on, and did, with the knowledge and consent of his attorney, primarily conduct the negotiations with the wife’s attorney, resulting in the property settlement agreement here in question.
A final decree of divorce was entered on January 15, 1962, which ratified, approved and confirmed the previously executed property settlement agreement. The trial court expressly retained jurisdiction of the cause for the purpose of the entry of such other orders as might be necessary and proper in connection with the custody and support of the minor children and to enforce the terms and conditions of the agreement.
On August 19, 1964 the wife filed a petition for rule to show cause against the husband, alleging that he had failed to comply with two provisions of the agreement. One provision relates to child support for the daughter, Heather, of Twenty-Five Hundred Dollars per year, payable monthly, and the other is not germane to this appeal.
The provisions of the property settlement agreement pertinent to the appeal are as follows:
* * * * * *
“WHEREAS in consequence of disputes and unhappy difficulties, the parties are now, and have for some time prior to the date hereof been living separate and apart from each other and the differences existing between the parties are irreconcilable and the wife has announced her intention of instituting divorce proceedings against the husband and the parties being mutually desirous of settling and adjusting between themselves all their property rights, the custody, support and education of their children, support and maintenance of the wife and other rights and obligations growing out of the marriage relation, it is therefore agreed:
******
“6. The husband agrees that he will pay all expenses of tuition, room, board, books, dues and incidental expenses which occur for the education of both of the children when and as the needs for said payment occur and this provision is intended to mean and include a college or higher education for both of said minors, so long as either remains unmarried.
"In addition to the above provisions, the husband will pay to the wife the sum of Two Thousand Five Hundred ($2,500.00) Dollars, annually for each child, until each of said children marries, said sums to be paid in monthly installments.” (Emphasis added)
******
The husband, in response to the Rule to Show Cause, contended that he was no longer obligated to make the aforesaid payments, inasmuch as Heather had become an adult. At the hearing it was stipulated that she had passed her twenty-first birthday, was unmarried, self-employed, and still resided with the wife. The trial court entered an order ruling, in essence, that the husband was still obligated for the annual payments.
The case of Blunda v. Blunda, Fla. 1958, 101 So.2d 41, is similar to the case at bar. In that proceeding, the parties were divorced and the parents of three minor children. The final decree incorporated an agreement executed by the parties two months before the divorce action was filed, settling the respective property rights. It also provided for support for the wife and for custody and support of the children. Justice Thomas, for the court, indicated that this was a combined arrangement for the care of the wife and the children and a settlement of the property interests of the parties. He pointed out that the attainment of majority *369 by the children was not mentioned as a condition which would effect a change in the remittances. The same circumstances exist herein.
The language of the present property settlement agreement is clear and specific. It was entered into freely and voluntarily by persons sui juris, who were represented by competent counsel. There was no provision that the payment for support of the minor child would cease upon her reaching her majority. The only specific provision contained therein was that the payment would stop when the minor child m'arried.
The chancellor believed that the agreement was made in good faith, that it constituted a contract incorporating provisions for settlement of all property rights and for alimony and support, and that there was no reason to change its specific contractual terms.
We do not believe that error has been shown, and the decision of the trial court is
Affirmed.