[No. 38312.    Department Two.    April 13, 1967.]

J. CLINTON DAWSON, *Respondent*, v. LAURA DAWSON, *Appellant*.*

*Reported in 426 P.2d 614.

*Joseph T. Pemberton,* for appellant.

*Sherwood & Forrest* and *Robert B. Sherwood,* for respondent.

WEAVER, J.—After children attain majority, can a divorced wife cause her former husband to be punished for contempt of court for nonpayment of child support money accrued prior to the majority of the children?

RCW 26.08.110 provides in part:

> . . . the court . . . shall make provision for . . . the custody, support and education of the minor children of such marriage.

▇ The court's jurisdiction to enforce support-money judgments is predicated upon the continued dependency of minor children. *Ditmar v. Ditmar,* 48 Wn.2d 373, 293 P.2d 759 (1956). Such orders may, of course, be enforced by civil contempt proceedings, which invoke the equitable jurisdiction of the court and ask the exercise of the court's discretion in the matter. *Lear v. Lear,* 29 Wn.2d 692, 189 P.2d 237 (1948).

In *Van Tinker v. Van Tinker,* 38 Wn.2d 390, 229 P.2d 333 (1951), the court held that it was without jurisdiction to entertain contempt proceedings in aid of the enforcement of an interlocutory order to require a father to contribute to the support of an adult son; but the precise question posed by the instant case has not been decided in this jurisdiction.

The majority rule is succinctly set forth and accurately annotated in 27B C.J.S. *Divorce* § 321 (6), p. 656 as follows:

> The jurisdiction of the court to punish for contempt ordinarily terminates when the child reaches his majority, even though the child is still incapable of self-support, since such remedy is available to insure support for children during their minority, not for the protection of the person having custody, and when they reach majority the purpose and justification for this extraordinary remedy cease.

Decisions supporting the rule are set forth in the margin.[1]

The most reasonable construction of RCW 26.08.110 is that the force and life of the order requiring support of minor children expires on the date the youngest child attains majority. When the children reach majority, the purpose and justification for the extraordinary remedy of contempt cease.

The trial court concluded a well-considered written memorandum with these words:

> Because the cases following the majority rule are the better reasoned, and because the custodian of the children does not lose her right to collect arrearage in support by garnishment, attachment or execution, and finally because the extraordinary remedy of civil contempt should not be extended needlessly, the majority rule will be followed in the case at bar as being the most reasonable construction of our statute. Contempt proceedings do not properly lie in this case.

We agree. The decree dismissing the contempt proceedings is affirmed.

DONWORTH, ROSELLINI, and HAMILTON, JJ., and LANGENBACH, J. Pro Tem., concur.

---

[1] *Reynolds v. Reynolds,* 192 Okla. 564, 137 P.2d 914 (1943); *Lowry v. Lowry,* 189 Okla. 650, 118 P.2d 1015 (1941); *McCartney v. Superior Court,* 187 Okla. 63, 101 P.2d 245 (1940); *Halmu v. Halmu,* 247 Wis. 124, 19 N.W.2d 317 (1945); *Zieman v. Zieman,* 265 Minn. 190, 121 N.W.2d 77 (1963); *Lieder v. Straub,* 230 Minn. 460, 42 N.W.2d 11 (1950); *Corbridge v. Corbridge,* 230 Ind. 201, 102 N.E.2d 764 (1952); Annot. 172 A.L.R. 892; *Contra: State ex rel. Casey v. Casey,* 175 Ore. 328, 153 P.2d 700, 172 A.L.R. 862 (1944).