245 So.2d 896 (1970)
Donald E. WILKES, Petitioner,
v.
Honorable P.B. REVELS, Judge Seventh Judicial Circuit, Volusia County, Florida, Respondent.
No. N-579.
District Court of Appeal of Florida, First District.
November 17, 1970.
Rehearing Denied December 21, 1970.
*897 Donald E. Wilkes, in pro. per., petitioner.
Raymond, Wilson, Karl, Conway & Barr, Daytona Beach, for respondent.
JOHNSON, Chief Judge.
Petitioner Donald E. Wilkes has filed in this court a suggestion for writ of prohibition to restrain Honorable P.B. Revels, Circuit Judge for Volusia County, from proceeding further in a contempt hearing heretofore instituted against petitioner in the Circuit Court. Rule nisi in prohibition was issued to which the respondent has filed his response and a motion to quash.
The only question for determination by this court is whether or not the lower court has jurisdiction to punish petitioner for contempt for failure to provide support for his minor children after the children have reached their majority. For the reasons hereinafter set out, we hold that the lower court lacks such jurisdiction and, therefore, the writ in prohibition is granted and the motion to quash is denied.
Only the facts concerning petitioner's failure to provide support payments for his two sons who were born in 1944 and 1945 need be reiterated here. On January 7, 1964, pursuant to a motion by petitioner's former wife, an order was issued to petitioner to show cause why he should not be adjudged in contempt for his failure to abide by the court's prior orders regarding support payments. Petitioner failing to appear for the hearing set for September 1, 1964, a warrant of attachment for contempt was issued by the court. Petitioner was not taken into custody until May of 1966, at which time both of his children had reached the age of twenty-one. Motions to quash the warrant having been denied, a hearing was not set for determination on the January 7, 1964 order to show cause until March 15, 1968. However, negotiations between petitioner and his former wife were undertaken whereupon a stipulation of settlement was agreed upon, dated and signed on March 26, 1968. On May 21, 1968, the Circuit Court entered an order approving and incorporating the terms of the aforementioned stipulation and retaining jurisdiction of the cause for the purpose of enforcing the provisions of said order.
On June 18, 1970, pursuant to motion, an order was served upon petitioner directing him to appear before Judge Revels to show cause why he should not be held in contempt for failure to comply with the court's order of May 21, 1968. It is from this June 18, 1970 order that petitioner makes his suggestion for writ of prohibition, contending that jurisdiction to punish for contempt terminates when the children reach their majority. Respondent answers and moves to quash the rule nisi.
The issue involved in this case is one of first impression in Florida. However, the question of whether or not contempt proceedings are available to collect arrearages in support money after the children cease to be minors has been considered by other jurisdictions. New York and Oregon courts have apparently recognized the right to enforce payment of arrearages by contempt even after the majority of the child for whose support an order was made. Goldberg v. Goldberg, 236 App.Div. 258, 258 N.Y.S. 588 (1932); State ex rel. Casey v. Casey, 175 Or. 328, 153 P.2d 700, 172 A.L.R. 862 (1944). Other jurisdictions, however, have taken the view that ordinary civil proceedings, rather than contempt proceedings, must be pursued after the children have attained majority status. Sides v. Pittman, 167 Miss. 751, 150 So. 211 (1933); Lieder v. Straub, 230 Minn. 460, 42 N.W.2d 11 (1950); Lowry v. Lowry, 189 Okla. 650, 118 P.2d 1015 (1941); Halmu v. Halmu, 247 Wis. 124, 19 N.W.2d 317 (1945).
A careful examination of the above cases convinces us that those of the latter group *898 present the better reasoning. As stated in Lowry v. Lowry, supra, 118 P.2d at 1016:
"The purpose of the order in this case was the support of the minor children. This purpose has been accomplished, and the matter of the care and custody of the minor children is finally disposed of. The force and life of the order expired on the date the youngest child attained majority. It makes no difference whether the one directed to pay has fully complied with such order or not, insofar as enforcing same by contempt proceedings. We hold, therefore, that the trial court does not have jurisdiction to enforce its order to pay child support by contempt proceedings on accrued unpaid installments commenced after the child has reached majority."
Respondent contends that the order under attack in this proceeding grows out of the order of January 7, 1964, issued at a time when both of petitioner's children were under the age of twenty-one years. This contention is without merit because any prior orders were cancelled out by the stipulation of March 26, 1968, between petitioner and his former wife and the resulting order thereon of May 21, 1968. We have carefully examined respondent's other contentions and find them to be without merit also.
In conclusion, when the children for whom the support order was awarded attained their majority, the purpose and justification for the extraordinary remedy of contempt expired. Only the right to a judgment enforceable by ordinary remedies remains. Contempt proceedings do not properly lie in this case, and prohibition is an appropriate remedy to prevent judicial action when the judge is without jurisdiction to act in a cause and may be specifically invoked against a judge when a party is about to be cited for contempt on the basis of acts which could not constitute contempt of court. Scussel v. Kelly, 152 So.2d 767 (Fla.App.2d 1963). We therefore grant the writ of prohibition and deny respondent's motion to quash.
RAWLS and SPECTOR, JJ., concur.