281 So.2d 607 (1973)
Harry J. GERSTEN, Appellant,
v.
Florence GERSTEN, Appellee.
No. 73-34.
District Court of Appeal of Florida, Third District.
August 28, 1973.
*608 Norman Francis Haft, Miami, for appellant.
William W. Bailey, Miami, for appellee.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
A final judgment of divorce was entered between the appellant and the appellee on April 28, 1969. A paragraph in the final judgment reads in part as follows:
"Defendant be and he is hereby ordered and directed to pay the sum of $50.00 per week for support and maintenance of the said ROBERT GERSTEN. Additionally, the Defendant has agreed to pay all medical and dental expenses of the child and to pay his college tuition, all reasonable clothing expenses, transportation, books, laboratory fees, and all other reasonable expenses in connection with college, with the exception of room and board, and Defendant, HARRY J. GERSTEN, shall pay all of the above."
On December 6, 1972, upon the conceded failure of the appellant to make the payments as directed, the court, after a contempt hearing, made the following findings:
* * * * * *
"This court in its order of 29th September, 1969 ordered the said HARRY J. GERSTEN, pursuant to the agreement between the parties, to provide $300.00 as reasonable clothing expenses for ROBERT GERSTEN, in open court, and that the said payment shall continue each year at the beginning of the school year until said ROBERT GERSTEN has completed his college education.
"This Court finds that the following unreimbursed college expenses were incurred before the said ROBERT GERSTEN became 21 years of age:
$307.00 for summer semester at University of Miami
$1211.45 for fall semester at University of Miami

*609 $110.00 for books
$5.00 for parking
the said expenses are valid expenses and shall be paid by HARRY J. GERSTEN.
"The $300.00 clothing allowance was to be paid before ROBERT GERSTEN reached 21 years of age as the school semester began before his 21st birthday."
* * * * * *
Based upon these findings, the trial court ruled as follows:
"1. That the said HARRY J. GERSTEN is in contempt of this Court for his failure to abide by the Orders of the Court; however, he may purge himself of said contempt by paying forthwith all of the amounts set forth in this Order to be paid.
"2. That the Defendant, HARRY J. GERSTEN, shall pay within 20 days to the Plaintiff, FLORENCE GERSTEN, now known as FLORENCE STEINBERG, the following sums of money for the benefit of ROBERT GERSTEN, the son of the parties:
$307.00 for summer semester at University of Miami
$1211.45 for fall semester at University of Miami
$110.00 for books
$5.00 parking
Being a total of $1,633.45."
In addition, the trial court ordered the following:
* * * * * *
"5. The defendant, HARRY J. GERSTEN, shall pay reasonable college expenses for ROBERT GERSTEN during the remainder of the present school year, which shall include the second semester 1972-1973."
* * * * * *
On this appeal, the appellant has presented two points. The first point urges that the court lacks jurisdiction to enforce a provision of a judgment of divorce ordering a father to pay tuition and college expenses after his son has reached his majority. At oral argument, appellant conceded that this point did not present reversible error in view of this court's holding in Vineberg v. Vineberg, Fla.App. 1965, 177 So.2d 367. We hold that where a father has agreed as a part of a property settlement agreement that he will pay the college expenses of a child, the agreement may be enforced by appropriate methods.
The second point presented urges that after a child has attained his majority, a court may not use a contempt order as a method of enforcing the payment of accrued child support payments. The rule suggested by appellant's second point has been recently approved by the District Court of Appeal, First District, in Wilkes v. Revels, Fla.App. 1970, 245 So.2d 896. See Sides v. Pittman, 167 Miss. 751, 150 So. 211 (1933), where it is intimated that contempt proceedings are applicable to divorce judgments for child support because of public necessity; moreover, this case holds that if the necessity has been accomplished, even though by the mother's sacrifice, she has only a debt remaining to her. Also see Dawson v. Dawson, 71 Wash.2d 66, 426 P.2d 614, 32 A.L.R.3d 885 (1967); Lowry v. Lowry, 189 Okla. 650, 118 P.2d 1015 (1941). We think that the rule stated is applicable to the case at bar, and that the order holding appellant in contempt must be reversed.
Of course, there is no question but that provisions in a final judgment for child support may be enforced by contempt prior to the time the child reaches majority. Also, it should be noted that there are other remedies available to enforce payment in cases involving child support.
Affirmed in part, reversed in part, and remanded.