379 So.2d 1052 (1980)
Clyde W. SMITH, Appellant,
v.
Myra MORGAN, Appellee.
No. PP-85.
District Court of Appeal of Florida, First District.
February 21, 1980.
Michael L. Bryant, of Birr, Bryant & Saier, P.A., Gainesville, for appellant.
Kenneth Davis, Gainesville, for appellee.
PER CURIAM.
Appellant contends the circuit court is without jurisdiction to punish through contempt the failure to pay child support arrearages for a minor child for whom the husband's obligation for current support has been abated. We agree.
In a final decree entered on October 28, 1963, appellant was ordered to pay $25.00 per week for child support until the child reached the age of 21. On May 23, 1979, the circuit court entered an order abating the child support obligation effective April 24, 1979, because the 17 year old son was now residing with appellant.
On the same day, the circuit court entered an order finding appellant in arrears of his support payments as of December 31, 1978. Appellant was held in contempt of court and sentenced to five months and 29 days in jail. The sentence was suspended *1053 upon condition that appellant pay $55.00 every two weeks towards the arrearage.
The circuit court is empowered to utilize its contempt power to demand the payment of child support whenever the minor child continues to need support, whether it be for past or present support. Patterson v. Patterson, 348 So.2d 592 (Fla. 1st DCA 1977). The extraordinary remedy of contempt is applicable to divorce judgments for child support because of the public necessity for insuring the support of minor children. When the public necessity is no longer present, the purpose and justification for the extraordinary remedy of contempt expires.
By analogy, the circuit court has no jurisdiction to use its power of contempt to enforce payment of child support arrearages on accrued, unpaid installments after the child has reached majority. Wilkes v. Revels, 245 So.2d 896 (Fla. 1st DCA 1970). In Wilkes, after the children had reached majority, the wife initiated contempt proceedings against her former husband for child support arrearages which had accrued when the children were still minors. This court held the extraordinary remedy of contempt could not be utilized to collect past due installments of child support under such circumstances because the purpose and justification for the use of contempt expired when the children reached majority.
The rationale in Wilkes, supra, applies to the present case. Here, the father's obligation for child support was abated by the circuit court when the child began residing with the father. The order of abatement eliminated the public necessity for the extraordinary remedy of contempt since the father is now supporting the child directly.
Consequently, we hold the trial court was without jurisdiction to punish appellant by contempt for failure to pay child support arrearages for the minor child for whom appellant's obligation for current support has been abated. In child support cases, the remedy of contempt should only be used when necessary to insure the support of minor children. Contempt is not an appropriate remedy to aid in the collection of money judgments. The wife's remedy for recovery of the child support arrearages is now limited to a judgment enforceable by ordinary civil proceedings. Moreland v. Moreland, 358 So.2d 907 (Fla. 1st DCA 1978). Accordingly, the order is reversed.
ERVIN, SHIVERS and SHAW, JJ., concur.