385 So.2d 1032 (1980)
Lawrence S. ROBERTS, Appellant,
v.
Lucy N. ROBERTS, Appellee.
No. 78-2403/NT4-82.
District Court of Appeal of Florida, Fifth District.
May 28, 1980.
Rehearing Denied August 1, 1980.
*1033 Seymour Benson, Orlando, for appellant.
No appearance for appellee.
GLICKSTEIN, HUGH S., Associate Judge.
This is a timely appeal from an order finding appellant's arrearage in periodic alimony and child support to be $23,465.00, holding him in contempt for non-payment, sentencing him to thirty days imprisonment therefor, and denying his petition for modification. We affirm in part, reverse in part and remand.
The parties' marriage was dissolved by final judgment on November 9, 1972, which judgment obligated appellant to pay periodic alimony of $540.00 per month to appellee, and $250.00 per month for the support of each of their three children. The periodic alimony was not modifiable, but was terminable "as is provided by law for the termination of alimony." There was an additional provision for lump sum alimony which does not concern us here.
On November 12, 1976, appellant filed a petition for modification, which was not heard until being considered contemporaneously on June 29, 1978 and September 5, 1978 with appellee's motion for adjudication of contempt served on May 19, 1978.[1] In between the time of appellant's petition and appellee's motion, one of the parties' three children attained majority and appellee remarried.
When the trial court entered the order now being reviewed, it expressly recognized that the oldest child attained his majority on December 12, 1976, and appellee remarried on August 7, 1977. However, while the two events were recognized as respectively occasioning the termination of support for the oldest child and of periodic alimony for appellee, their effect upon the trial court's jurisdiction to adjudicate contempt was not considered.
With respect to the oldest child's attaining majority prior to the filing of appellee's motion for adjudication of contempt, the Florida courts have consistently held in such case that contempt is unavailable as a means of enforcing an order which adjudicates an arrearage. In other words, the only remedy available to the mother who petitions after the child has attained his majority is a judgment enforceable by ordinary civil proceedings, not contempt. Wilkes v. Revels, 245 So.2d 896 (Fla. 1st DCA 1970), cert. den. 247 So.2d 437 (Fla. 1971); Moreland v. Moreland, 358 So.2d 907 (Fla. 1st DCA 1978); Gersten v. Gersten, 281 So.2d 607 (Fla. 3d DCA 1973). The rationale of such proposition is that once a child has attained majority, the public necessity of providing support for that child when a minor has been accomplished. Accordingly, the trial court in this case was without jurisdiction to consider the enforcement by contempt of an order adjudicating the arrearage for support of the parties' oldest child.
As for appellee's remarriage, there is a dearth of authority on the effect of remarriage upon a subsequently filed motion *1034 for adjudication of contempt because of non-payment of periodic alimony. There does exist the teasing proposition that periodic alimony is different from child support. It has been said that the former does not terminate automatically on remarriage, but only upon application to the court. Bernst v. Cotter, 256 So.2d 529 (Fla. 4th DCA 1972); Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976). Neither of these decisions, however, involved an adjudication of contempt and we can find no logical reason to apply them to such situation. There is a necessity in seeing that an unremarried ex-wife receives support, and contempt is the appropriate method of enforcement to fill that necessity. However, once the ex-wife exchanges vows with her new husband, the reason for the former husband's obligation of support dissipates, and with it, the need for enforcement by contempt. Accordingly, we hold that once an ex-wife has remarried, any subsequent petition for periodic alimony owed to her prior to the remarriage will not be enforceable by contempt; therefore, the trial court in this case was without jurisdiction to enforce by contempt the order adjudicating the arrearage for appellee's periodic alimony.
Placing what has been said in perspective, the trial court should have only entertained a motion for adjudication of contempt as it related to the two minor children of the parties. Entry of a judgment which would be enforceable by ordinary civil proceedings was the only relief which the trial court should have considered as to the oldest child and appellee. It follows that the order of adjudication of contempt can be affirmed as to the two minor children but must be reversed as to the oldest child and appellee.
Appellant contends that the trial court erred in denying his petition for modification which he filed in 1976 but did not have heard until 1978. We find no error in the trial court's ruling on this issue.
We are of the further opinion that discussion of appellant's other points is unnecessary.
On remand, because the trial court must limit its adjudication of contempt to sums owed for the support of the minor children, it follows that the conditions under which appellant may purge himself must also be reconsidered.
AFFIRMED in part, REVERSED in part, and REMANDED.
LETTS, GAVIN K., and ANSTEAD, HARRY LEE, Associate Judges, concur.
NOTES
[1] The record is silent as to the reason for the delay between the filing of the petition for modification and the hearing thereon.