WENTWORTH, Judge.
Appellant appeals a final order vacating on authority of Smith v. Morgan, 379 So.2d 1052 (Fla. 1st DCA 1980), and Wilkes v. Revels, 245 So.2d 896 (Fla. 1st DCA 1970), prior orders of contempt entered against appellee. We reverse and remand for reconsideration.
The parties’ marriage was dissolved by final judgment on June 13, 1977. That judgment obligated appellee to pay child support, alimony, and attorney’s fees. Thereafter, and on three separate occasions between February, 1978, and November, 1978, appellant moved for an adjudication of contempt against appellee for appellee’s dereliction in failing to make child support, alimony and/or attorney fee payments. Upon a finding that the appellee’s failure to make such payments was obstinate, willful, and in direct disregard and contempt for the orders of the court, the court entered orders of contempt. For each of the three adjudications of contempt, appellee was sentenced to a period of incarceration. Arrest warrants were issued but were returned unserved because appellee had successfully secreted himself from service.
Child support and alimony arrearages in the amount of $6,250.00 were reduced to final judgment on January 9, 1979. Appellant remarried on May 19,1979. The minor child attained the age of majority on April 27, 1980. Subsequent to those events, appellant filed yet another motion for contempt and/or final judgment. The parties entered into a court sanctioned stipulation as to the amount of child support and alimony monies due and owing since November 22, 1978, until the expiration of appel-lee’s legal obligation to pay same. An order was thereafter entered in favor of appellant’s attorney against appellee for past due attorney’s fees. At that time the court also vacated those portions of the previously entered contempt citations which pertained to the incarceration of appellee on the following rationale:
. . . the parties having agreed that Petitioner’s counsel might make a motion to set aside prior Contempt Orders entered in this cause mandating the Respondent’s incarceration and such a motion having been made by Respondent’s counsel at the *1200 time of the hearing held in this case and upon the Court’s finding that the Petitioner did remarry on May 19, 1979, and that the parties’ child did attain his majority on April 27, 1980, and the court further determining that upon the authority of Smith v. Morgan, 379 So.2d 1052 (1st DCA 1980), and Wilkes v. Revels, 245 So.2d 896 (1st DCA 1970), that the prior Orders of Contempt entered in this case ought to be set aside....
The issue involved in this appeal is one of first impression. Appellant contends that under the factual circumstances of this case, the trial court erred in vacating the incarceration portions of the previously entered contempt orders. We do not reach that alleged error because the order entered reflects the court’s apparent conclusion that the referenced cases compelled his action as a matter of law. We find to the contrary and reverse the above stated portion of the October 24, 1980, order and remand the cause to allow the trial judge to exercise his discretion as to whether the prior orders should be set aside.
Both the trial court’s and the appellee’s reliance upon Wilkes v. Revels, 245 So.2d 896 (Fla. 1st DCA 1980), and Smith v. Morgan, 379 So.2d 1052 (Fla. 1st DCA 1980), as mandating the vacation of the prior contempt orders is misplaced. Those cases address the issue of whether the trial court may initially entertain civil contempt proceedings to collect arrearages in support money after the child has attained the age of majority. The non-availability of civil contempt proceedings for the collection of arrearages in alimony subsequent to petitioner’s remarriage has also been determined. Roberts v. Roberts, 385 So.2d 1032 (Fla. 4th DCA 1980). Unlike the situation in Wilkes, Smith, and Roberts, the appellee in the case sub judice was found to be in contempt prior to the appellant’s remarriage and while the child was a minor. The trial court’s power to entertain the motions for adjudication of contempt and the appellant’s right to such relief at that time was not and is not disputed.
The issue now presented concerns the authority of the trial judge to preserve the effect of its past contempt orders for the purpose of protecting the dignity and force of such orders which were proper at the time entered. We find no decisions prohibiting the exercise of such authority in these circumstances. In Seaboard Air Line Ry. Co. v. Tampa Southern Ry. Co., 101 Fla. 468, 134 So. 529 (1931), a temporary injunction against the railroad company was entered and allegedly disobeyed by an act of contempt. A rule to show cause why the company should not be held in civil contempt was issued. At the contempt hearing, the bill of complaint was dismissed on its merits and the contempt rule discharged. The Florida Supreme Court addressed the appellant’s contention that the discharge was error as follows:
Appellant contends that the court discharged such contempt rule on the theory that, because the bill was dismissed on its merits, the defendant should not have been held in contempt because the injunction violated was thereby found to have been improvident. If the court dismissed the rule solely for this reason, it was in error, and we would not hesitate to reverse and remand the cause for that reason, if it so appeared.
But the record does not show upon what theory the rule was discharged. In the absence of any showing, we must presume it was for a proper reason.... The court by discharging the rule has determined that no criminal contempt against its dignity as distinguished from violation of the rights of the parties has been committed, [e.s.]
Vindication of the court’s authority respecting its past orders, lawfully entered upon the facts then existing, therefore appears to be a valid purpose for the exercise of contempt authority.
Accordingly, we reverse the order entered October 24, 1980, insofar as it renders void the effects of prior contempt orders and remand the cause to permit the trial judge to exercise his discretion in this matter.
BOOTH and SHAW, JJ., concur.