SCHEB, Judge.
Appellant challenges an order denying her motion to hold the appellee, her former husband, in contempt for failure to pay child support.
The court dissolved the parties’ marriage in 1972. The final judgment approved and incorporated a property settlement agreement providing that the husband would pay child support until each of the parties’ children attained age twenty-one. When James Grobleski, Jr., attained age eighteen, the husband ceased paying support for him. As a result, the wife sought to hold the husband in contempt.
Initially, the trial judge determined that the wife did not have standing to bring the proceeding because the child had reached the age of majority. However, on rehearing, the court correctly ruled that she did. See Brown v. Brown, 484 So.2d 1282 (Fla. 4th DCA 1986); Massey v. Massey, 443 So.2d 294, n. 2 (Fla. 3d DCA 1983); Holmes v. Holmes, 384 So.2d 1295 (Fla. 2d DCA 1980). Nevertheless, the court ruled that the husband would not be held in contempt.
This appeal focuses on whether the trial judge exercised his discretion by not holding the husband in contempt, or whether the judge did not hold the husband in contempt because he concluded he did not have the authority to do so.
The record reveals that the judge pondered whether he had the authority to hold the husband in contempt. While there are comments on the record susceptible of conflicting inferences, we think the overall thrust of the record, including the judge’s remarks, “I just don’t think I can ever hold him in contempt for that,” indicates the court incorrectly concluded it did not have the authority to hold the husband in contempt.
The decision to use contempt as a sanction for an individual who defaults on child support rests in the sound discretion of the court. Fox v. Haislett, 388 So.2d 1261 (Fla. 2d DCA 1980). Where, as here, a parent agrees to pay support until his child reaches age twenty-one, he may be held in contempt for failing to do so, despite the fact that the child has turned eighteen.
We distinguish Wilkes v. Revels, 245 So.2d 896 (Fla. 1st DCA 1970), cert. denied, 247 So.2d 437 (Fla.1971), involving a wife who sought to have her former husband held in contempt for child support which had accrued before the parties’ children attained the age of majority, which was then twenty-one. There, the First District *106 Court of Appeal held that since both children had reached age twenty-one at the time of the support hearing, contempt was not an available sanction. The court reasoned that “the purpose and justification for the extraordinary remedy of contempt expired” once the children attained the age of majority. Wilkes, 245 So.2d at 898. See also Schwarz v. Waddell, 422 So.2d 61 (Fla. 4th DCA 1982), petition for review denied, 434 So.2d 889 (1983); Johnson v. Johnson, 382 So.2d 427 (Fla. 3d DCA 1980); Smith v. Morgan, 379 So.2d 1052 (Fla. 1st DCA 1980); Gersten v. Gersten, 281 So.2d 607 (Fla. 3d DCA 1973). In Wilkes and the cases that followed, the parent no longer had an obligation to support the child under the prior divorce decree once the child reached the age of majority or became self-supporting. It is this factor which distinguishes the instant case.
Here, James Grobleski, Jr., was eighteen at the time of the contempt hearing and therefore, had reached the age of majority under current Florida law. § 743.07, Fla. Stat. (1985). However, he has not yet attained age twenty-one which is the disposi-tive age under the court approved property settlement agreement. Thus, there remains a viable justification for using the remedy of contempt in this case.
We point out that although the judgment of dissolution was entered before the age of majority was lowered to eighteen, this fact does not relieve the husband of the obligation to support the child until he turns twenty-one. Archer v. Archer, 427 So.2d 325 (Fla. 2d DCA 1983); Burgdorf v. Burgdorf, 372 So.2d 988 (Fla. 2d DCA 1979), cert. dismissed, 392 So.2d 1372 (Fla.1980). For the reasons discussed, it also does not impede the authority of the judge to hold a parent who willfully defaults on support obligations in contempt.
Reversed and remanded for further proceedings in accordance with this opinion.
RYDER, C.J., and DANAHY, J., concur.