492 So.2d 679 (1986)
STATE of Florida, ex rel. Ramona B. SIPE, Appellant,
v.
Michael Merlin SIPE, Appellee.
No. BJ-155.
District Court of Appeal of Florida, First District.
June 4, 1986.
Joseph R. Boyd, Susan S. Thompson, and William H. Branch, of Boyd & Johnson, P.A., and Chriss Walker, Dept. of Health and Rehabilitative Services, for appellant.
Rudy Hernandez, Jacksonville, for appellee.
NIMMONS, Judge.
This is an appeal from a final order dismissing an action for the collection of child support arrearages under Florida's Uniform Reciprocal Enforcement of Support Act[1] (hereinafter `URESA'). We affirm.
In January 1985, appellant filed a petition in Nebraska, under URESA, in which she sought to collect $3,550 in child support arrearages from appellee. This sum represented delinquent support payments from October, 1970 to June, 1983.
At the time appellant filed the URESA petition, the parties' two children had reached majority, the son and daughter having reached 18 years of age in May, 1980 and June, 1982, respectively.
The trial court dismissed the action and found that the remedy under URESA is an inappropriate one in an action to collect child support arrearages when there is no ongoing child support obligation. We agree.
Appellant maintains that the plain language of URESA establishes that the statute can be used to collect child support arrearages without an ongoing support order. Our attention is first directed to the express purpose of the statute as articulated in Section 88.021, Florida Statutes (1983): "The purpose of this act is to improve and extend by reciprocal legislation the enforcement of duties of support. Section 88.031(3) then defines "duty of support" as follows:
"Duty of support" means a duty of support whether imposed or imposable by law or by order, decree, or judgment of *680 any court, whether interlocutory or final or whether incidental to an action for dissolution of marriage, separation, separate maintenance, or otherwise, and includes the duty to pay arrearages of support past due and unpaid.
According to appellant, the language of the statute provides that all support duties, whether for sums presently due or past due, are to be enforced under URESA without consideration to the existence of an ongoing support obligation regarding a dependent.
The polestar for statutory construction is legislative intent, and such intent is determined primarily from the language of the statute. Parker v. State, 406 So.2d 1089 (Fla. 1982); St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071 (Fla. 1982). Moreover, various parts of a statute should be construed consistently with one another in order to harmonize all its portions. Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1980).
We do not believe that appellant's construction of the statute is consistent with the legislative intent behind URESA. Rather, we believe the legislature intended to limit the duty of child support enforceable under URESA to support for unemancipated minor children. Such intent is manifested by Section 88.012, Florida Statutes (1983):
Legislative Intent.  Common-law and statutory procedures governing the remedies for the establishment and enforcement of orders of support for children by responsible parents under the Uniform Reciprocal Enforcement of Support Act have not proven sufficiently effective or efficient to cope with the increasing incidence of establishing and collecting child-support obligations when the petitioner and respondent reside in different states. The state, therefore, exercising its police and sovereign powers, declares that the common-law and statutory remedies pertaining to family desertion and non-support of dependent children shall be augmented by the additional remedies directed to the resources of the responsible parents as mandated by the Florida IV-D program in chapter 409. In order to render resources more immediately available to satisfy child-support orders, it is the legislative intent that the remedies provided herein shall be in addition to, and not in lieu of, existing remedies. It is declared to be the public policy of this state that this act shall be construed and administered to the end that children residing in this or some other state shall be maintained from the resources of responsible parents, whether the responsible parents live in this or some other state, thereby relieving, at least in part, the burden borne by the custodial parent or the general citizenry through public assistance programs.

(Emphasis added.)
Reading Sections 88.021, 88.031, and 88.101, Florida Statutes (1983) in pari materia with Section 88.012, Florida Statutes (1983), URESA is available to enforce support obligations for dependent children. Thus, the duty of child support enforceable under URESA, which includes the duty to pay arrearages of support past due and unpaid, refers only to the duty of support of unemancipated minors.[2]
Our construction of URESA is in accord with logic and reason. As manifested by Section 88.012, a principal justification for the existence of the extraordinary remedy[3] afforded by URESA is the public necessity for insuring the support of minor children who suffer from the disability of nonage. When the child becomes emancipated, the public necessity is no longer present. Thus the purpose and justification for the extraordinary URESA remedy for child support no longer exists.
*681 We believe that the rationale relied upon by this court in Wilkes v. Revels, 245 So.2d 896 (Fla. 1st DCA 1970) and Smith v. Morgan, 379 So.2d 1052 (Fla. 1st DCA 1980), is equally applicable to the instant case. In Wilkes, this court held that the extraordinary remedy of contempt could not be utilized in a proceeding initiated by the mother after the children reached majority to collect past due installments of child support because the purpose and justification for the use of such remedy no longer existed after the children reached majority. Wilkes was relied upon in the subsequent case of Smith v. Morgan, supra, wherein this court said:
The extraordinary remedy of contempt is applicable to divorce judgments for child support because of the public necessity for insuring the support of minor children. When the public necessity is no longer present, the purpose and justification for the extraordinary remedy of contempt expires.
Id. at 1053. Similarly, in State ex rel. Quigley v. Quigley, 463 So.2d 224 (Fla. 1985), the Supreme Court, in holding that URESA should be construed to encompass alimony support as well as child support stated:
[W]e do not mean to imply that the extraordinary remedy available under URESA should be extended to all foreign alimony judgments. The issuing state must certify that the alimony judgment is for the support of the spouse. Awards of alimony which constitute part of a property settlement should not be enforced through URESA. (emphasis in original)
Id. at 227.
We therefore hold that URESA is not an appropriate vehicle to collect child support arrearages once the child has become emancipated.[4] The remedy for recovery of such arrearages is limited to a money judgment enforceable by ordinary civil proceedings. See Smith v. Morgan supra, and Wilkes v. Revels, supra.
Finally, we would add that the date of the commencement of the URESA proceeding in the initiating state will determine whether, for purposes of the application of our holding, the child has reached majority.[5]
AFFIRMED.
ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] See Sections 88.011-88.371, Florida Statutes (1983).
[2] See Section 1.01(14), Florida Statutes (1983) (defining "minor" as any person who has not attained the age of 18 years).
[3] The Florida Supreme Court has aptly characterized the remedies afforded by URESA as "extraordinary." State ex rel. Quigley v. Quigley, 463 So.2d 224, 227 (Fla. 1985).
[4] To the extent that Massey v. Massey, 443 So.2d 294 (Fla. 3d DCA 1983) and Newman v. Newman, 459 So.2d 1129 (Fla. 3d DCA 1984)  neither of which has been cited by the parties herein  may be construed to encompass holdings contrary to ours in the instant case, we would disagree with such holdings.
[5] We rely, in part, upon the well recognized rule that an action is commenced by the filing of a complaint, Fla.R.Civ.P. 1.050 and 35 Fla.Jur. 2nd Limitations of Actions, the consequences of which include the tolling of the applicable limitations period. Szabo v. Essex Chemical Corporation, 461 So.2d 128 (Fla. 3d DCA 1984); Klosenski v. Flaherty, 116 So.2d 767, 770 (Fla. 1959).