ON MOTION FOR REHEARING EN BANC
PER CURIAM.
We grant petitioner’s motion for rehearing en banc for the purpose of clarifying the basis for our decision not to grant the petition for writ of prohibition at this juncture of the proceeding. We continue to adhere to our decision in Roberts v. Roberts, 385 So.2d 1032 (Fla. 5th DCA 1980) that a trial court lacks jurisdiction to enforce payment of periodic alimony by contempt proceedings after the spouse to whom the alimony is owed has remarried. Roberts applies even though the periodic alimony is not terminated by the spouse’s remarriage, as in this case.[1]
However, from this record we cannot ascertain that the former spouse has actually remarried; and it appears there may be a fact question as to whether or not the “periodic alimony” is, to some extent, child support payments for the parties’ two minor children. Other matters are presently pending before the trial court, including petitioner’s motion to modify and set aside the support judgment and to enforce visitation rights. The lower court has stated it will take no further action in the contempt matter until additional discovery has been taken and evidence presented. That is the forum where unresolved fact issues which bear upon the lower court’s jurisdiction to enter a contempt order should be resolved. Accordingly, the writ of prohibition is denied. English v. McCrary, 348 So.2d 293 (Fla.1977).
UPCHURCH, C.J., and ORFINGER, COBB, SHARP and COWART, JJ., concur.
DAUKSCH, J., concurs in conclusion only.

. The modified judgment declared the periodic alimony award was not modifiable and not terminable in the event of remarriage.