SMITH, Judge.
Heath appeals an order and judgment finding him in contempt of court, sentencing him to thirty days in the county jail with provision for his release upon payment of a purge amount, and ordering further biweekly payments of $75.00 on the first and fifteenth of each month in payment of arrearages of several thousand dollars unpaid child support. Appellant asserts error (1) in the trial court’s finding of his financial ability to pay and (2) the amount of the arrearage found by the court.
Although appellant paid the initial purge amount and secured his release from jail, it is apparent that the trial court’s order is continuing in nature, so that appellant faces the prospect of imprisonment for any future violation. We find error and reverse.
Upon our initial review, we noted that at the time of the contempt order and finding of arrearages both children for whom the support payments had been ordered had reached their majority. Accordingly, jurisdiction of the trial court to enforce the award by contempt appeared questionable, and we ordered supplemental briefing on the issue, referring the parties to this court’s prior decisions in Wilkes v. Revels, 245 So.2d 896 (Fla. 1st DCA 1970), cert. denied, 247 So.2d 437 (Fla.1971) (enforcement of payment of child support orders by contempt is not permitted after child reaches majority); and State ex rel. Sipe v. Sipe, 492 So.2d 679 (Fla. 1st DCA 1986), rev. dismissed, 492 So.2d 1331 (Fla.1986).
In their supplemental brief, appellees cite to the court legislative amendments post dating our Sipe decision whereby it was declared to be the legislative intent that Florida’s Uniform Reciprocal Enforcement of Support Act (URESA) “is an appropriate statute under which to collect child support arrearages after the child is no longer dependent.” Ch. 87-95, § 6, Laws of Fla.; § 88.012, Fla.Stat. (1987). Appellees argue that since URESA provides, in Section 88.-101, that arrearages of child support are enforceable by contempt after the child is no longer dependent, no rule restricting use of the contempt remedy can consistently be applied when the civil contempt proceeding is an ordinary civil action between parties located in this state.
As for appellees’ argument that it would be illogical to give URESA claimants greater enforcement rights than would be available to non-URESA claimants, we do not agree with appellees that the URESA amendment cited has the effect claimed by appellees. We do not view Chapter 87-95, *412 Section 6 as abrogating the rule expressed in Florida case law prohibiting the use of contempt after the child is no longer dependent. We agree, as appellant argues, that the attempted enforcement of child support orders post-majority implicates long-standing constitutional prohibitions against imprisonment for debt embodied in Article I, Section 11, of the Florida Constitution.
We note, however, that the issue before us is presently pending before the Florida Supreme Court in Gibson v. Bennett, Case No. 71,038, and we therefore certify the question stated at the conclusion of this opinion as one of great public importance.
On the second issue, the amount of the arrearage found by the trial court, we have been presented no transcript of the proceedings below (apparently these proceedings were not reported), and although patent inconsistencies or omissions to take into account all payments made by appellant has been made to appear, we find the attempted stipulated statement of proceedings under Rule 9.200(b)(3) to be woefully inadequate to afford a basis for review of the conflicting contentions of the parties.
We therefore, REVERSE the judgment and sentence of contempt, REVERSE'the judgment determining the amount of ar-rearages, and REMAND to the trial court for further proceedings including the receipt of additional evidence as may be necessary in the trial court’s discretion to arrive at the correct amount of arrearages due. We also certify to the Florida Supreme Court as a question of great public importance the following:
IS AN ORDER OR JUDGMENT FOR PAYMENT OF CHILD SUPPORT ENFORCEABLE BY CONTEMPT AFTER THE CHILD FOR WHOSE SUPPORT THE PAYMENTS WERE ORDERED HAS REACHED ITS MAJORITY AND IS NO LONGER DEPENDENT?
ERVIN and NIMMONS, JJ., concur.