208

THE STATE OF WASHINGTON on the Relation of Carla Diane
Wulfsberg, Respondent, v. DAVID ALAN MACDONALD,
Appellant.

*David MacDonald*, pro se.

*Norm Maleng, Prosecuting Attorney*, and *Calvin G. Rapada, Deputy*, for respondent.

KENNEDY, J. — David MacDonald appeals the denial of his motion to dismiss the contempt proceeding initiated against him for failure to pay child support. Citing *Dawson v. Dawson*, 71 Wn.2d 66, 426 P.2d 614 (1967), MacDonald contends that contempt proceedings cannot be used to enforce payment of child support arrearages where, as here,

the child has reached majority and is no longer dependent. But the *Dawson* case dealt with the construction of former RCW 26.08.110 (1951), *repealed by* LAWS OF 1973, 1st ex. sess. ch. 157 § 30. Under RCW 26.18.050(5), however, *Dawson* is no longer controlling law. Accordingly, we affirm.

## FACTS

MacDonald and Carla Wulfsberg were divorced on April 27, 1983. During their marriage, they had one child, born July 5, 1975. Pursuant to the dissolution decree, Ms. Wulfsberg was awarded custody of their only child and MacDonald was ordered to pay child support.

Over the next decade or so, MacDonald continually failed to pay child support in accordance with the support provisions of the dissolution decree and other subsequent orders entered below regarding the payment of child support. On December 13, 1998, MacDonald was served with an order to show cause why he should not be held in contempt for disregarding his child support obligations. The following day, MacDonald filed a Chapter 13 bankruptcy petition seeking protection from his creditors.

Contempt proceedings were stayed pending resolution of the bankruptcy petition. A hearing was eventually scheduled for October 14, 1999, at which MacDonald was to provide proof that he was indeed involved in a Chapter 13 bankruptcy plan and that he was in compliance with that plan. When MacDonald failed to appear for that hearing, a bench warrant was issued for his arrest.

MacDonald then filed a motion to dismiss the contempt proceedings and quash the bench warrant. In his motion, MacDonald argued that the contempt action should be dismissed since the remedy of contempt cannot be used to enforce any prior child support obligations he had once his child reached majority and was no longer dependent. The motion was denied. As the court explained:

> The court has authority pursuant to RCW 26.18.050 to use a contempt action to enforce support orders until the obligor satisfied all duties of support, including arrearages that ac-

crued pursuant to the support or maintenance orders.

MacDonald served a few days in jail on the outstanding warrant. Afterwards, he moved for revision, which was denied on December 8, 1999.

At a hearing held on March 10, 2000, MacDonald agreed to forfeit $810 seized from his bank account by the State so that the funds could be applied to his outstanding child support arrearages. MacDonald also signed a written form in which he expressly agreed to waive any statute of limitations defense to the collection of the child support he owed. In addition, MacDonald was ordered to make monthly payments of $125, beginning in September 1, 2000. MacDonald appeals the trial court's denial of his motion to dismiss the contempt proceeding.

## DECISION

MacDonald contends that the trial court erred in refusing to dismiss the contempt proceeding initiated against him for nonpayment of child support. He argues that the extraordinary remedy of contempt is not available to enforce child support arrearages as soon as the child reaches majority and is no longer dependent. Since his child is now over 21 years of age, MacDonald argues that he is no longer subject to the contempt powers of the court. We disagree.

MacDonald relies primarily on *Dawson v. Dawson*, 71 Wn.2d 66, to support his argument. In *Dawson*, the court held that a court's jurisdiction to enforce child support obligations by civil contempt proceedings terminates when the child reaches majority. According to the court, "[w]hen the children reach majority, the purpose and justification for the extraordinary remedy of contempt cease." *Dawson*, 71 Wn.2d at 68. However, we do not find *Dawson* controlling here.

*Dawson* dealt with the construction of former RCW 26.08.110, which authorized the court to "make provision for . . . the custody, support and education of the minor children of [the dissolved] marriage." As the court ex-

plained, "[t]he most reasonable construction of RCW 26.08.110 is that the force and life of the order requiring support of minor children expires on the date the youngest child attains majority." *Dawson*, 71 Wn.2d at 68.

■ In 1993, the statute governing the circumstances under which contempt proceedings may be initiated for noncompliance with support orders, RCW 26.18.050, was amended to add subsection 5, which provides:

> (5) As provided in RCW 26.18.040, the court retains continuing jurisdiction under this chapter and may use a contempt action to enforce a support or maintenance order until the obligor satisfies all duties of support, including arrearages, that accrued pursuant to the support or maintenance order.

In addition, the legislature made the following findings:

> The legislature finds that there is an urgent need for vigorous enforcement of child support and spousal maintenance obligations, and that stronger and more efficient statutory remedies need to be established to supplement and complement the remedies provided in chapters 26.09, 26.21, 26.26, 74.20, and 74.20A RCW.

RCW 26.18.010.

Given the purpose behind this legislation and subsection 5's unambiguous language, the court's contempt authority to enforce child support arrearages extends past a child's majority and dependency. To hold otherwise would require us to ignore the statute's clear mandate that "a contempt action [may be used] to enforce a support or maintenance order until the obligor satisfies *all* duties of support, including arrearages, that accrued pursuant to the support or maintenance order." (Emphasis added.) Therefore, the trial court in this case properly denied MacDonald's motion to dismiss.

■ We are next asked to consider whether imprisonment is a sanction available to the court where the child is emancipated. We refuse to consider the issue, however, because it is not properly before us. During the period at issue here, MacDonald was not imprisoned for failure to pay child support. He was jailed on an outstanding bench

warrant for failure to appear at a court hearing on October 14, 1999. "An appellate court need not resolve an issue of law absent a justiciable controversy." *Patrol Lieutenants Ass'n v. Sandberg*, 88 Wn. App. 652, 661, 946 P.2d 404 (1997).

Nor do we reach MacDonald's contention that he was coerced into waiving any statute of limitations defenses at the court hearing on March 10, 2000. MacDonald did not appeal the court's ruling on that date. Accordingly, we do not have jurisdiction to consider his contention.

Affirmed.

AGID, C.J., and WEBSTER, J., concur.

Review denied at 143 Wn.2d 1010 (2001).