
FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 MAR 11  AM 10: 39

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68040-4-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NICHOLAS JENKINS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 11, 2013 |
| | ) | |

VERELLEN, J. — For a court to issue a declaratory judgment, a justiciable controversy must exist between adverse parties. Because Nicholas Jenkins does not demonstrate the existence of a justiciable controversy, or, in the alternative, show that his claim is a matter of public importance, the trial court was within its discretion to dismiss his request for declaratory relief without reaching the merits. Accordingly, we affirm.

## FACTS

The procedural history of this case is summarized from our Supreme Court's decision in <u>Internet Community & Entertainment Corp., d/b/a Betcha.com v. Washington State Gambling Commission</u>.[1]

---

[1] 169 Wn.2d 687, 238 P.3d 1163 (2010).

Nicholas Jenkins is the founder and former chief executive officer of Internet Community & Entertainment Corp. In 2007, Jenkins began operating a website, Betcha.com, which he described as a "person to person betting platform" that "connect[s] people who like to bet."[2] Registered users of Betcha.com could post proposed wagers on the outcomes of various events for other users to accept. Betcha.com earned money from the transactions by charging a nonrefundable fee whenever a user listed a bet, accepted a proposed bet, proposed a counteroffer to a bet, or opted for a larger font size and more prominent location to make their bet more visible. To participate, users were required to fund an online account with a credit card to ensure they had enough money to cover the bet if they lost; Betcha.com placed the funds into escrow pending the outcome of the wagered-on event.

Once the event that was the subject of the wager was concluded, the loser of the bet had the option to either pay his losses or refuse to honor the bet. A user who refused to honor a bet suffered a loss in his "honor rating," a number visible to all registered users that represented the relative "trustworthiness" of a user. The theory behind the honor rating system was that, while users were not required to honor their losses, they would voluntarily do so in order that other users would be likely to wager with them in the future.

With a couple of weeks of the launch of Betcha.com, the Washington State Gambling Commission determined that the website was engaging in "professional gambling" as prohibited by the Gambling Act, chapter 9.46 RCW. The Commission

---

[2] Id. at 689.

ordered Betcha.com to cease operating the website. Betcha.com sued the State, seeking a declaratory judgment that its operations were not illegal. Betcha.com and the State filed cross motions for summary judgment. Summary judgment was granted in favor of the State. The trial court found that Betcha.com users were engaged in "gambling" as defined in RCW 9.46.0237; that Betcha.com engaged in prohibited "bookmaking" as defined in RCW 9.46.0213; and that Betcha.com's activities were therefore "professional gambling" as defined in RCW 9.46.0269.[3]

In a split decision, Division Two of the this court reversed the trial court. The Supreme Court unanimously reversed the Court of Appeals and reinstated the trial court's grant of summary judgment in favor of the State.

In 2011, Jenkins again sued the State. Jenkins sought a declaratory judgment that (1) the listing fees, matching fees, and counteroffer fees Betcha.com used in 2007, as well as Jenkins' idea for a "monthly subscription" business model, did not constitute "professional gambling" as defined in RCW 9.46.0269; (2) RCW 9.46.0213 and its amendments violated both the "subject-in-title" and the "single subject" requirements of article II, section 19 of the Washington State Constitution; and (3) RCW 9.46.0213 was unconstitutionally vague.

Jenkins and the State filed cross motions for summary judgment. The trial court granted summary judgment in favor of the State and denied Jenkins' request for declaratory relief. The trial court found that Jenkins had "failed to raise a justiciable

---

[3] "Professional gambling" is criminalized at RCW 9.46.220-.222.

controversy" and "therefore did not reach the merits of any constitutional question presented."[4] Jenkins appeals.

## DISCUSSION

Jenkins contends the trial court abused its discretion in refusing to reach the merits of his request for declaratory relief. Jenkins argues that his claims present a justiciable controversy, or, in the alternative, the issue is one of major public importance warranting review.

### *Justiciability*

Under the Uniform Declaratory Judgments Act, chapter 7.24 RCW, a person whose rights are affected by a statute may ask the court to determine "any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status or other legal relations thereunder."[5] For a trial court to render a declaratory judgment, it must be presented with a justiciable controversy.[6] A controversy is justiciable if it presents:

> "(1) . . . an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive."[7]

---

[4] Clerk's Papers at 563.

[5] RCW 7.24.020.

[6] Northwest Greyhound Kennel Ass'n v. State, 8 Wn. App. 314, 316, 506 P.2d 878 (1973).

[7] Nollette v. Christianson, 115 Wn.2d 594, 599, 800 P.2d 359 (1990) (quoting Diversified Indus. Dev. Corp. v. Ripley, 82 Wn.2d 811, 815, 514 P.2d 137 (1973)).

All four justiciability factors must be present "to ensure that the court will be rendering a final judgment on an actual dispute between opposing parties with a genuine stake in the resolution."[8]

We review a trial court's refusal to consider a declaratory judgment action on the merits for abuse of discretion.[9] A trial court abuses its discretion only when its decision is manifestly unreasonable or based on untenable grounds.[10]

The trial court did not abuse its discretion in finding the lack of a justiciable controversy because Jenkins does not show that he has an actual, present and existing dispute. Rather, Jenkins requests a determination of the legality of operating his website based on a hypothetical set of facts. Betcha.com is currently not in operation and has not been since 2007. Jenkins may or may not relaunch Betcha.com; the website may be situated in Washington or in another state; and the fees charged to users of the website may be the same as those charged by Betcha.com in 2007, or they may be different.[11]

---

[8] To-Ro Trade Shows v. Collins, 144 Wn.2d 403, 411, 27 P.3d 1149 (2001).

[9] Nollette, 115 Wn.2d at 599. As the State correctly notes, the granting of summary judgment in a declaratory judgment action is reviewed de novo. Internet Cmty., 169 Wn.2d at 691. Because Jenkins does not assign error to the trial court's grant of summary judgment in favor of the State, our review is limited to whether the trial court abused its discretion in determining Jenkins's claim was not a justiciable controversy.

[10] State v. Rohrich, 149 Wn.2d 647, 654, 71 P.3d 638 (2003) (quoting State v. Blackwell, 120 Wn.2d 822, 830, 845 P.2d 1017 (1993)).

[11] See, e.g., Clerk's Papers at 536 (Jenkins "would prefer to operate a functionally-identical site ['Betcha II'] here at the conclusion of this litigation, albeit with a different blend of revenue streams, including some of the fees charged on Betcha I and/or a flat subscription fee.").

Because Betcha.com is not currently in operation, there is no actual legal controversy. Rather, there is only the possibility of a future legal dispute. Where the event at issue has not yet occurred or remains a matter of speculation, no justiciable controversy exists.[12] [13]

### Public Importance

Where all four justiciability factors are not met, "the court steps into the prohibited area of advisory opinions."[14] We exercise our discretion and deliver advisory opinions only "on those rare occasions where the interest of the public in the resolution of an issue is overwhelming" and where the issue has been "'adequately

---

[12] Jenkins claims the fact that he "lost his property and cannot operate his business" proves the existence of an actual and existing controversy. Reply Br. at 2. The seizure and forfeiture of property associated with Betcha.com was resolved in 2010 when Jenkins did not appear at the forfeiture hearing. See Clerk's Papers at 502-04. And Jenkins does not have a vested interest in operating a business in violation of the law. Jenkins' claim that criminal charges could still be filed against him for his activities in 2007 is similarly without merit, as any such charges are merely speculative.

[13] Diversified Indus. Dev. Corp. v. Ripley, 82 Wn.2d 811, 815, 514 P.2d 137 (1973); see also State ex rel. Wulfsberg v. MacDonald, 103 Wn. App. 208, 211-12, 11 P.3d 333 (2000) (appellant sought declaratory judgment that imprisonment as a sanction for failing to pay child support is not available once the child is emancipated; no justiciable controversy because appellant was never jailed for failure to pay); Lawson v. State, 107 Wn.2d 444, 460, 730 P.2d 1308 (1986) (where railroad had not abandoned right of way and county had expressed no intent to acquire it, property owners' challenge to statutes permitting recreational public use of rights of way was "premature"); DiNino v. State ex rel. Gorton, 102 Wn.2d 327, 331, 684 P.2d 1297 (1984) (woman challenged constitutionality of statute that a directive to withhold life-sustaining procedures was nullified if the patient was pregnant; because she was neither terminally ill nor pregnant, cause was not "ripe" for declaratory judgment); Adams v. City of Walla Walla, 196 Wash. 268, 270-71, 82 P.2d 584 (1938) (labor union's constitutional challenge to municipal loitering ordinance on grounds that labor strike would violate ordinance was "purely academic" in the absence of an actual strike occurring).

[14] Diversified Indus. Dev. Corp., 82 Wn.2d at 815.

briefed and argued.'"[15] But Jenkins does not show that further guidance would benefit a substantial portion of the public. Instead, Jenkins' dispute is private in nature. What Jenkins in essence seeks is a declaration from this court that he may operate his website in contravention of the Supreme Court's decision in Internet Community. Because this is not a matter of broad public importance, we decline to issue an advisory opinion.

　　　　Affirmed.

WE CONCUR:

---

[15] In re Matter of Deming, 108 Wn.2d 82, 122-23, 736 P.2d 639, 744 P.2d 340 (1987) (quoting Citizens Coun. Against Crime v. Bjork, 84 Wn.2d 891, 895, 529 P.2d 1072 (1975)).