PER CURIAM.
The plaintiff appeals an order dismissing with prejudice Count III of its second amended complaint against defendant Big Four Investment Corporation.
The dismissed count alleges, inter alia, that on or about January 17, 1977, the defendant Big Four Investment Corporation entered into a “joint pay agreement” with the defendant Envirko Corporation, a copy of which is attached to the complaint. The record shows that the agreement was signed by Mr. Roswell Hahn, President of Envirko Corporation and it was the intention of Mr. Hahn and Mr. Fadoul to sign the joint pay agreement on behalf of their respective corporations and that each of them further intended that their respective corporations would be jointly and severally responsible for all payments due to plaintiff for air conditioning equipment being purchased from plaintiff.
Before answer, Big Four moved to dismiss Count III on the ground that the alleged agreement which was attached to plaintiff’s complaint was not excused by the defendant, Big Four Investment Corporation, in such a place on the document that would make Big Four liable under said document; therefore, there is no agreement upon which Count III of the second amended complaint can ever state a cause of action. The trial court agreed with such contention and entered the order dismissing the count with prejudice for failure to state a cause of action. It is from this order that plaintiff appeals.
We have considered the point on appeal in light of the complaint and the attached exhibit and have concluded that the motion to dismiss should have been denied. Government Employees Insurance Company v. Whellus, 319 So.2d 181 (Fla. 4th DCA 1975); Flye v. Jeffords, 106 So.2d 229 (Fla. 1st DCA 1958); Fla.R.Civ.P. 1.110(b).
The order appealed is reversed and the cause remanded for further proceedings.
Reversed and remanded.