516 So.2d 86 (1987)
Chester D. MAHONEY, Guardian of Laureen M. Gay, Appellant,
v.
Donald GAY, Appellee.
No. 87-1169.
District Court of Appeal of Florida, Third District.
December 8, 1987.
Beth Tyler Vogelsang, Miami, for appellant.
Fogle & Poole and Charles Poole, Miami, for appellee.
Before HENDRY, HUBBART and FERGUSON, JJ.
PER CURIAM.
This is an appeal instituted by Chester Mahoney, as guardian for the wife Laureen Gay, from a final judgment of marriage dissolution. We affirm in part and reverse in part based on the following briefly stated legal analysis.
First, we see no abuse of discretion in the trial court's denial of permanent periodic alimony for the wife. This was a childless short-term marriage of three-and-a-half years, during sixteen months of which the parties were separated. Both parties have suffered from significant handicaps throughout their life, although the wife has most recently suffered a serious mental collapse and is unemployable. The husband Donald Gay has access to income from a modest family trust controlled by his father, but has no other appreciable assets and no prior employment history of any significance. Given these circumstances, the trial court's decision to award lump sum alimony, rather than periodic permanent alimony, was a perfectly reasonable result; moreover, no challenge is made to the amount of lump sum alimony. See Kuvin v. Kuvin, 442 So.2d 203, 206 (Fla. 1983); Canakaris v. Canakaris, 382 So.2d 1197, 1201-03 (Fla. 1980); Iribar v. Iribar, 510 So.2d 1023, 1024 (Fla. 3d DCA 1987); Price v. Price, 389 So.2d 666, 668 (Fla. 3d DCA 1980), rev. denied, 397 So.2d 778 (Fla. 1981).
*87 Second, we conclude that the trial court abused its discretion in failing to indemnify the wife for reasonable medical expenses incurred during the marriage and to reimburse, in part, her guardian for her living expenses incurred during the parties' separation. Given the wife's admitted impecuniousness and complete mental collapse on the one hand and the husband's ability to pay on the other, we think the husband should be required to pay for the medical bills incurred before divorce in the event the hospital where the wife was hospitalized obtains a judgment against the wife for such bills; for the same reasons, the husband should be required to pay for his wife's reasonable living expenses during their separation which her guardian has paid. In each instance, we think that no reasonable trier of fact could have concluded otherwise. See Beers v. Public Health Trust of Dade County, 468 So.2d 995, 1001 (Fla.3d DCA) (on rehearing), rev. dismissed, 476 So.2d 672 (Fla. 1985); see also Shands Teaching Hosp. & Clinics, Inc. v. Smith, 497 So.2d 644, 645 (Fla. 1986).
The final judgment under review is affirmed except that the following aspects are reversed: the failure of the trial court (1) to order the husband to pay for the wife's hospital bills incurred during the marriage at the Community Health Center in the event the said hospital obtains a judgment thereon against the wife, and (2) to reimburse the guardian of the wife for reasonable living expenses of the wife when the parties were separated during the marriage; the cause is therefore remanded to the trial court with directions to order the husband to pay for the above-stated two items.
Affirmed in part; reversed in part and remanded.