763 So.2d 1076 (1999)
Deborah BELLVILLE, Appellant/Cross-Appellee,
v.
Wilfred L. BELLVILLE, Appellee/Cross-Appellant.
No. 98-2399.
District Court of Appeal of Florida, Fourth District.
October 13, 1999.
Joseph K. Singer of Singer & Singer Law Firm, Chartered, Plantation, for appellant/cross-appellee.
Hal Vogel of Hal S. Vogel, P.A., Miami, for appellee/cross-appellant.
BLACKWELL WHITE, A., Associate Judge.
Deborah Bellville appeals a final order establishing Wilfred L. Bellville's child support obligation and ordering retroactive child support. Wilfred Bellville cross appeals that same order.[1] We reverse.
Deborah and Wilfred married in Ohio in March 1982. The couple moved to Florida *1077 but separated in mid-1993. In February 1995, Deborah filed a URESA petition in Broward County seeking a child support order against Wilfred for their four children, and the parties divorced in Ohio in March 1996.[2]
Nothing further appears in the record until July 1997, when Deborah filed a "Petition for Establishment of Child Support and Arrears" in Broward County. After a hearing on the petition before a general master, the master issued a report to which Wilfred filed exceptions. The trial court then held a hearing de novo on the exceptions, taking testimony and actively participating in the examination of the parties.
At the hearing, after Wilfred represented his general lack of income and inability to get credit cards due to bad credit, the trial judge directed Wilfred to empty his wallet. The wallet contained, among other things, a BankAmerica bank card and a VISA card, which Wilfred stated belonged to his girlfriend. The judge then placed a call to BankAmerica, and the bank's service representative stated that the balance in the associated account was $1,448.58. The representative also listed deposits during a twenty-two day period of $460, $300, $373, and $476, but she could not go back any further. The judge divided the total of the deposits by the twenty-two day period they spanned and determined that the father was taking home $2,224.56 per month. The judge also found that Deborah was earning $1,000 per month. Using those figures, the trial court found that the general master's calculation of Wilfred's monthly support obligation at $1,150 was correct. Further, after multiplying Wilfred's $1,150 per month support obligation by the fifty-four months between June 1993 and December 1997, and subtracting payments found made to that date, the judge concluded that Wilfred owed $56,650 in retroactive child support.
Wilfred sought rehearing on the trial court's written order. After a hearing on that motion, the trial court affirmed its order in all respects save onethe date from which the child support award could be made retroactive. Finding that section 61.30(17), Florida Statutes (1997), did not apply to the post-dissolution proceeding before her, the judge ruled that the child support award could be made retroactive only to the date of the filing of the URESA petition, February 1995, not the date that Wilfred left the family, June 1993. As a result, the trial court revised the retroactive support award to $30,150. In addition, the order on rehearing provided that the court might consider recalculating Wilfred's child support obligation and retroactive amount if Wilfred were to submit all of the bank statements and canceled checks for his business for the past two years. This appeal followed.
Wilfred's cross-appeal is dispositive. Wilfred argues that the trial court improperly determined his income by relying upon bank deposits over a twenty-two day period, improperly relied upon "outdated" and "incomplete" information in determining the mother's income, and improperly failed to make the requisite factual findings necessary to support an imputation of income. We agree that the trial judge failed to make sufficient findings pointing to record evidence for her determination of Wilfred's monthly child support obligation.
"Imputation of income" occurs when the trial court finds that a parent is voluntarily underemployed or unemployed. See § 61.30(2)(b), Fla. Stat. (1997). Here, however, it is clear that the trial judge merely disbelieved Wilfred's testimony that he earned only approximately $6,000 during the first half of that year. See Bromson v. Department of Revenue, 710 So.2d 154, 155 (Fla. 4th DCA 1998).
*1078 While the trial judge's creativity in attempting to determine Wilfred's income is to be commended, there is no evidence in the record that the amounts deposited in the BankAmerica account over the twenty-two day period examined by the trial judge represented wages as opposed to, for example, advance payments from customers of Wilfred's tile business for materials. In addition, the record contains no financial affidavit for Deborah, and her testimony is unclear as to whether her monthly income is $1,000 or $1,500, and whether the correct figure represents her gross or net income. Therefore, we find that the trial court's determination of Wilfred's child support obligation at $1,150 per month must be reversed. On remand, the trial court is directed to again make a determination of the parties' child support obligations with specific findings of record evidence to support that determination.
While the issue raised by Wilfred in his cross-appeal determines the disposition of this case, we also write to address the issue raised by Deborah's appeal since it will again be presented on remand. Deborah argues that the trial court erred in interpreting section 61.30(17), Florida Statutes (1997), so as to only require an award of retroactive child support back to the date she filed the URESA petition. We agree.
On rehearing, the trial judge held that child support could not be awarded retroactive to the date that the parties no longer resided in the same household because the statute did not apply to the proceeding before her. In particular, relying upon the language of section 61.30(17), the trial judge noted that the action was neither "a paternity action, dissolution of marriage action, or petition for support during the marriage." However, we find that the language of the subsection indicates an all encompassing public welfare intent that children be supported whether their parents are married or not. Regardless, the action at issue was within the statute because it was originally initiated by Deborah's URESA petition while the parties were still married, and it was brought under chapter 61, Florida Statutes, without any objection from Wilfred.
Accordingly, the order determining support obligations is reversed and remanded to the trial court for proceedings consistent with this opinion.
REVERSED and REMANDED.
WARNER, C.J., and TAYLOR, J., concur.
NOTES
[1] We have jurisdiction in this matter pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A).
[2] While the divorce decree is not part of the record before this court, the record suggests that the Ohio decree did not address child support.