763 So.2d 1270 (2000)
Victor ROHATYNSKY, Appellant,
v.
Theo KALOGIANNIS, an individual, Theonie Kalogiannis, an individual, Marco Polo Oriental Furniture Imports, Inc., a Florida corporation, jointly and severally, Appellees.
No. 4D99-1875.
District Court of Appeal of Florida, Fourth District.
August 2, 2000.
*1271 Douglas H. Reynolds of Douglas H. Reynolds, P.A., Fort Lauderdale, for appellant.
Mark Goldstein of Mark Goldstein, PA., Boca Raton, and Bruce Botsford of Curtis & Curtis, P.A., Fort Lauderdale, for appellees.
TAYLOR, J.
We reverse the order dismissing the complaint in this action to recover under a promissory note and security agreement.
Appellant, Victor Rohatynsky, filed a complaint against Theo Kalogiannis, Theonie Kalogiannis, and Marco Polo Oriental Furniture Imports, Inc. ("Marco Polo"), alleging that the defendants jointly and severally executed a promissory note in his favor for $75,000 on September 17, 1992. He attached a copy of the note to the complaint, indicating that it was executed by Theonie Kalogiannis, Theo Kalogiannis, and Marco Polo, by its president, Theo Kalogiannis, and became due and payable on January 31, 1993.[1]
The complaint further alleged that on May 10, 1994, the defendants jointly and severally executed and delivered a modification of the note to appellant. The modification was signed by Theo Kalogiannis and Theonie Kalogiannis, but was not signed by Theo Kalogiannis on behalf of Marco Polo.[2]
Paragraph 10 of the complaint alleged that under the terms of the note and the modification agreement, the defendants were to pay $5,000 upon execution of the modification and then make monthly payments. It further alleged that the defendants *1272 made the initial $5,000 payment on May 10, 1994 but failed to make any additional payments as agreed.
Marco Polo filed a motion to dismiss, asserting that because it did not execute the modification agreement, enforcement of the note against it was barred by the statute of limitations. According to Marco Polo, the five-year statute of limitations began to run on the date the note matured, January 31, 1993, and expired on January 30, 1998, eleven months before the action was filed.
At the hearing on the motion to dismiss, the trial court initially ruled that whether Marco Polo executed the modification was a question of fact. However, the court later "reversed" itself and granted the motion to dismiss, finding that the $5,000 payment did not toll the statute of limitations as to Marco Polo. The trial court stated:
[T]he Court's going to grant the motion to dismiss as to Marco Polo. Even from the Plaintiffs pleadings, the note or modification of the mortgage note that the Plaintiff is relying on executing or instituting at suit against the Defendant Marco Polo is not signed by Marco Polo.... The payment of $5,000 does not toll or create a new issue as to the statute of limitations. That payment specifically as even pled in Paragraph 10 of the Plaintiffs complaint is under the terms of said note and the modification. It's really the modification. It's not the note. It's the modification. The Defendants were to pay the $5,000 upon the execution of the modification. $5,000 payment is consideration for the acceptance of the modification. It's not the original note any further.
In response, the plaintiff pointed out that the $5,000 payment was pursuant to the original note, which provided for amendment, and that a payment by any obligor under the note would toll the statute of limitations as to all the obligors.
Appellant argues on appeal that the trial court erred in dismissing his complaint with prejudice as to the corporate defendant, Marco Polo. He argues that the complaint on its face did not establish that the action was barred by the statute of limitations and did not conclusively negate his ability to allege facts in avoidance of the statute of limitations by way of a reply. According to appellant, the $5,000 payment on May 10, 1994 tolled the statute of limitations as to all obligors, including Marco Polo.
A motion to dismiss tests whether the plaintiff has stated a cause of action. The trial court cannot go beyond the four corners of the complaint in deciding the merits of a motion to dismiss. See Gladstone v. Smith, 729 So.2d 1002 (Fla. 4th DCA 1999).
When confronted with a motion to dismiss, the court is required to take the allegations of the complaint as true and to decide only questions of law. Furthermore, the defense of statute of limitations may be raised by a motion to dismiss only where its violation appears on the face of the complaint or exhibits.
Koehler v. Merrill Lynch & Co., Inc., 706 So.2d 1370, 1372 (Fla. 2d DCA 1998) (citations omitted). All of the factual allegations of a complaint are to be considered as true and construed in the light most favorable to the nonmoving party. See Hospital Constructors Ltd. v. Lefor, 749 So.2d 546 (Fla. 2d DCA 2000).
"A claim should not be dismissed with prejudice `without giving the plaintiff an opportunity to amend the defective pleading, unless it is apparent that the pleading cannot be amended to state a cause of action.'" Gladstone, 729 So.2d at 1003 (citing Kairalla v. John D. and Catherine T. MacArthur Found., 534 So.2d 774, 775 (Fla. 4th DCA 1988)). It is also true that leave to amend should be liberally granted and should not be denied unless the privilege has been abused. Id. at 1004 (citations omitted). Leave to amend could also be denied where there is prejudice to *1273 the opposing party, or an amendment would be futile. See Hemingway v. Bresney, 733 So.2d 1135 (Fla. 4th DCA 1999).
We agree with appellant that the trial court erred in dismissing his claim against Marco Polo. The complaint alleged that all three defendants jointly and severally executed the note and the modification agreement and that all three defendants made the $5,000 payment to appellant. In seeking a dismissal, Marco Polo relied exclusively upon the fact that the signature line for Marco Polo on the modification agreement was "blank." However, given the fact that the individual defendants, Theo and Theonie Kalogiannis, were the only owners and officers of Marco Polo, a factual issue arose as to whether Marco Polo executed the modification agreement and if it did not, whether it nevertheless remained liable under the original note which it admittedly signed. In any event, it is not apparent from the complaint or attached exhibits that Marco Polo was entitled to judgment as a matter of law. See A-1 Racing Specialties, Inc. v. K & S Imports of Broward County, 576 So.2d 421 (Fla. 4th DCA 1991); Fedders Distrib. Corp. v. Big Four Inv. Corp., 379 So.2d 706 (Fla. 3d DCA 1980)(trial court's dismissal of corporate defendant was premature where the defendants were jointly and severally liable on a contract and the corporate officer intended to sign on behalf of corporation).
We reverse the order dismissing Marco Polo with prejudice and reinstate appellant's cause of action against Marco Polo.
REVERSED and REMANDED.
KLEIN, J. and SCOLA, ROBERT N., Jr., Associate Judge, concur.
NOTES
[1] The signatures on the promissory note appear as follows:
Theonie Kalogiannis
signature (SEAL)
Theo Kalogiannis
signature (SEAL)
Marco Polo Oriental Furniture Imports Inc.
BY: signature (SEAL)
 Theo Kalogiannis, President

[2] The signature line for Marco Polo on the modification agreement appears "blank" as follows:

MARCO POLO ORIENTAL FURNITURE IMPORTS, INC. By
 Signature
 Theo Kalogiannis
 Signature
 Theonie Kalogiannis
 Signature
 Victor Rohatynsky