971 So.2d 243 (2008)
Mary Kate CAMPAGNA, f/k/a Mary Kate Cope, Appellant,
v.
Douglas Arthur COPE, Appellee.
No. 2D06-3527.
District Court of Appeal of Florida, Second District.
January 4, 2008.
*244 Herbert Elliott, Tarpon Springs, for Appellant.
No appearance for Appellee.
ALTENBERND, Judge.
Mary Kate Campagna appeals a final judgment of dissolution from her husband, *245 Douglas Arthur Cope. Following a default by the Husband, the trial court denied the Wife's undisputed claim for retroactive child support and unpaid children's medical expenses because the youngest child had become a legal adult shortly before the filing of the petition. The Wife filed a motion for rehearing, attempting to explain her legal right to this support. We conclude that the trial court abused its discretion in denying rehearing. Although the Wife waited until her youngest child was a legal adult to file for dissolution, she is entitled to seek retroactive child support for her youngest child for that portion of the twenty-four months preceding the filing of her petition when the child was a minor and the parties were separated.
The Husband and Wife married in 1979. They have two childrenone born in 1985 and the other born in 1987. Although the parties separated in the late 1990s, the Wife filed her petition for dissolution of marriage on December 12, 2005, after both children had become legal adults. The younger child reached majority one month before filing; the older child turned eighteen in 2003, more than two years before the filing of the petition.
The Wife filed her petition pro se, using the standard Family Law Form 12.901(b)(1), entitled "Petition for Dissolution of Marriage With Dependent or Minor Child(ren)." The Wife did not seek alimony and claimed that there were no marital assets or liabilities to divide. Under item number 4 entitled "Dependent or Minor Child(ren)," she accurately marked "N/A" because there were no minor children. In the sections of the form regarding child custody and child support, however, she referred to an attached "Exhibit A." She specifically marked in section IV(1)(a) of the form that she was seeking child support retroactive to the date of separation, January 1, 1998.
In the attached Exhibit A, the Wife explained she was requesting retroactive child support and reimbursement for health care expenses. The couple's income was modest, and thus the estimated child support for the two years prior to filing the petition totaled approximately $7027, in light of a $2200 credit for support that the Wife admitted the Husband had paid voluntarily. She also requested reimbursement for $6668 she paid in health insurance premiums for the family, with no delineation between the amount paid for the Husband and the amount paid for the children, and for the Husband to be required to pay for one-half of the children's health insurance premiums until they turned twenty-one years old. Finally, she wanted the Husband to pay an outstanding medical bill of $550 for expenses incurred when the older child was hospitalized in 2004 at what appears to be the age of nineteen. In total, the Wife sought $14,265.
The Husband did not answer the petition or otherwise appear in the trial court. Accordingly, a clerk's default was entered against him.
The trial court held a final hearing in April 2006. Though the hearing was not transcribed, it appears the Husband was provided notice and did not attend. The court filed the Wife's exhibit, which detailed the amounts discussed above that she sought in the dissolution. According to the motion for rehearing, when the court asked whether a child support worksheet had been filed, the Wife offered to continue the hearing to obtain any additional documentation the court needed in support of the retroactive support.
On April 18, 2006, the trial court entered a final judgment dissolving the marriage, but denying the Wife's request for child support and unpaid medical expenses because the petition listed no minor children, *246 a completed Uniform Child-Custody Jurisdiction and Enforcement Act affidavit (UCCJEA) had not been filed, and there was no testimony provided concerning the names and dates of birth of the adult children.
The Wife retained counsel and moved for rehearing or new trial, arguing that retroactive support was appropriate and explaining that she had accurately filled in the standard form petition for dissolution, had provided information about the adult children, and did not realize that more evidence would be required when the case was in default status. With the motion for rehearing, she provided a UCCJEA affidavit for each child, using Florida Family Law Rule of Procedure form 12.902(d). She simply left blank the sentence: "The number of minor child(ren) subject to this proceeding is_______." Thereafter, she provided the names, dates of birth, and addresses for her two adult children.
The trial court held a hearing on the motion for rehearing and new trial, which was transcribed. At that hearing, the trial court focused primarily on whether the Wife had any right to receive retroactive child support when she had waited until the youngest child was an adult to file the dissolution proceeding. The trial judge opined that the court could not award child support if the petition was filed after the child had attained majority at the age of eighteen. The Wife disagreed, arguing that child support could be awarded for up to twenty-four months prior to the filing of the petition for dissolution pursuant to section 61.30(17), Florida Statutes (2005), because the parties were separated. The only legal authority discussed was Bridges v. Bridges, 506 So.2d 1047 (Fla. 4th DCA 1987), which the trial judge had located independently and believed was a case "right on point" requiring a denial of retroactive child support under these facts. As discussed later in this opinion, that case is not controlling.
When the trial court issued a written order denying rehearing, it expressly declined to decide whether the Wife had a right to retroactive child support. Instead, the trial court denied rehearing because the final judgment was based on the insufficiency of the evidence and the contradictory pleadings. The Wife appeals this ruling.
I. A PARENT MAINTAINS STANDING TO SEEK RETROACTIVE CHILD SUPPORT AFTER THE CHILD BECOMES A LEGAL ADULT
Because the Wife sought to proceed pro se, her request for monetary relief was perhaps not artfully drawn. As stated above, the Wife sought reimbursement for several expenses, including retroactive child support and medical expenses. To determine whether the Wife was entitled to reimbursement, the trial court was required to sort out these claims in light of the relief available under chapter 61.
Generally speaking, a dissolution of marriage action under chapter 61 permits claims of equitable distribution of assets and debts, alimony, child custody and visitation, child support, and attorneys' fees. Indeed, the form petition used by the Wife set forth these very categories, with the exception of attorneys' fees. Here, the Wife did not request alimony; there were no custody issues because the children were adults; and there were no attorneys' fees issues because the Wife initially proceeded pro se. The Wife's requests for financial relief must therefore be cast as either requests for equitable distribution or child support. Further, child support is only available to the Wife if she can seek retroactive support pursuant to section 61.30(17) because the children are adults.
*247 The Wife claimed retroactive child support pursuant to section 61.30(17). That statute provides:
(17) In an initial determination of child support, whether in a paternity action, dissolution of marriage action, or petition for support during the marriage, the court has discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months preceding the filing of the petition, regardless of whether that date precedes the filing of the petition. In determining the retroactive award in such cases, the court shall consider the following:
(a) The court shall apply the guidelines in effect at the time of the hearing subject to the obligor's demonstration of his or her actual income, as defined by subsection (2), during the retroactive period. Failure of the obligor to so demonstrate shall result in the court using the obligor's income at the time of the hearing in computing child support for the retroactive period.
(b) All actual payments made by the noncustodial parent to the custodial parent or the child or third parties for the benefit of the child throughout the proposed retroactive period.
(c) The court should consider an installment payment plan for the payment of retroactive child support.
This provision was added to section 61.30 in 1997 by chapter 97-170, section 11, Laws of Florida, in large part to eliminate the conflict and uncertainty that existed in the case law. See John W. Reis, Retroactive Child Support Awards: Reimbursement Versus Needs and Ability, 67 Fla. B.J. 71 (July 1993) (discussing pre-1993 conflict and uncertainty in the case law awarding retroactive child support).
At the hearing on the motion for rehearing, the trial court opined that a parent could not seek child support for a child, including retroactive child support, once a child turned eighteen and was no longer a minor. Such a ruling would have prohibited any claim by the Wife for monthly child support or assistance with the health insurance premiums for the children. In support of this proposition, the trial court cited Bridges, 506 So.2d 1047; yet Bridges is not authoritative on this issue because it was decided prior to the enactment of section 61.30(17) and merely notes that the issue of child support was "moot" because the child, although a minor when the action commenced, had become an adult before the entry of the final judgment. Id. at 1048. The case contains no discussion of retroactive child support and is not dispositive of the issues in this case.
The proposition that there is no right to retroactive support once a child becomes an adult stems from a line of cases decided prior to the application of section 61.30(17) that held a parent lost standing to seek child support once a child turned eighteen. See, e.g., Lawrence v. Hershey, 890 So.2d 350, 351 (Fla. 4th DCA 2004) (citing Cronebaugh v. Van Dyke, 415 So.2d 738, 741 (Fla. 5th DCA 1982)). These cases reasoned that the right to support was one belonging to the child but generally pursued by the parent because the child was acting under the disability of nonage. Cronebaugh, 415 So.2d at 740-41. Once that disability was removed, the cases reasoned, the parent lost standing to seek support on the child's behalf. Id. Moreover, if there was no order requiring support entered before the child turned eighteen, the now-adult child could not seek to establish support retroactively. Bardol v. Martin, 763 So.2d 1119, 1120 (Fla. 4th DCA 1999).
Before the enactment of section 61.30(17), paternity and dissolution actions *248 generally treated retroactive support differently. A parent seeking child support through a petition for dissolution of marriage was entitled to seek retroactive support back to the date the parent filed the petition for dissolution of marriage. See Bardol, 763 So.2d at 1120;[1]see also Warren v. Warren, 306 So.2d 197, 197 (Fla. 1st DCA 1974) (stating no statutory or case authority in Florida for ordering retroactive support prior to the filing of any pleading seeking such support). Under those circumstances, a parent who filed a petition after a child reached majority lost the ability to seek child support because there were no minor children at the time the petition was filed, thus there was no claim for a retroactive award, and the parent had no standing to seek current or future support. In contrast, in a paternity suit retroactive awards could be made to the date of childbirth. See Bardol, 763 So.2d at 1120.[2] Although we are aware of no controlling case law, under the standing theory discussed above and the language of the paternity statute, the only person with standing to establish paternity once the child turned eighteen would presumably be the adult child. See § 742.011, Fla. Stat. (2005). Thus, prior to 1997, there was effectively no legal authority permitting a retroactive award of child support once the child turned eighteen.
We have found no case squarely addressing whether the statutory right to request retroactive child support changed the prior case law holding a parent had no standing to seek support when a petition is filed after a child has reached majority. We conclude that in light of section 61.30(17), if a child has turned eighteen but a parent resided with and supported the child before the child turned eighteen, the parent maintains his or her standing to recover the other parent's share of any support for the twenty-four months prior to the date of filing the petition pursuant to the child support guidelines. The statute itself does not contain any language suggesting that it intends to limit retroactive child support to claims made by a parent while the relevant child is still a minor. We are inclined to believe that a plain reading of the statute discloses no limitation based on the age of the child at the filing of the petition. If any interpretation is required, section 61.001 explains the purposes of the chapter and states:
(1) This chapter shall be liberally construed and applied.
(2) Its purposes are:
(a) To preserve the integrity of marriage and to safeguard meaningful family relationships;
(b) To promote the amicable settlement of disputes that arise between parties to a marriage; and
(c) To mitigate the potential harm to the spouses and their children caused by the process of legal dissolution of marriage.
§ 61.001. All of these purposes would seem to be promoted by allowing claims similar to the one presented by the Wife at least during the retroactive period provided for by section 61.30(17).
Even in the current era of no-fault divorce, there is a significant segment of our population that looks upon dissolution as a last resort. There are many couples who stay together "for the children" long after the bonds of affection have broken. There are couples who conclude that it is in the *249 best interests of their children to remain married, even if the couple must live separately. When couples separate, it is not uncommon for the custodial parent to receive child support from the noncustodial parent in an amount that is less than the amount required to achieve the policies established by the legislature in section 61.30. We are hard-pressed to think of any reason that section 61.30(17) should be interpreted to bar a spouse from receiving child support if he or she files a day after the youngest child's eighteenth birthday as compared to a day before.[3] Accordingly, we hold that section 61.30(17) permits a claim for retroactive child support even if the petitioning spouse waits until the child is a legal adult to obtain this payment.
This section may also work in conjunction with section 743.07(2), Florida Statutes (2005), to effectively further extend a parent's standing to seek retroactive support. Under section 743.07(2), a court may order support for a child who is over eighteen, dependent in fact, and is still attending high school and performing in good faith with a reasonable expectation of graduation before the age of nineteen. Thus, the parent can file a petition seeking child support up and until high school graduation for the appropriate eighteen-year-old child, and may seek retroactive support of twenty-four months prior to the filing of the petition.
II. A PARENT MAY ONLY RECEIVE SUPPORT FOR THE PORTION OF THE STATUTORY TWENTY-FOUR MONTHS PRECEDING THE FILING WHEN THE RELEVANT CHILD WAS STILL A MINOR.
Prior to the 1998 amendment to section 61.30(17), a parent could be required to pay retroactive support for an extended period in a paternity action. See McMillian v. Dep't of Revenue ex rel. Searles, 746 So.2d 1234, 1236 (Fla. 1st DCA 1999) (discussing public policy reasons for enforcing child support to the "moment of the child's birth"). Such a remedy could create inequities when a parent had no records of voluntary contributions or evidence of other factors that might have reduced the obligation and was faced with a rule allowing claims for support without "presentation of evidence of exact amounts paid." See Fowhand v. Piper, 611 So.2d 1308, 1312 (Fla. 1st DCA 1992). The amendment to section 61.30(17) essentially balanced the interests of the parties by establishing a statutory remedy of retroactive child support but placing a two-year maximum period for recovery. Thus, the statute provides that the award of retroactive child support is "not to exceed a period of 24 months preceding the filing of the petition," and the trial court has discretion when making this award.
Child support is normally payable on a monthly basis. We conclude that a spouse seeking child support in a dissolution action that is filed after a child reaches the age of majority is generally entitled to support only for those months within the preceding twenty-four months when the child was a minor or qualified for support under section 743.07(2).
In this case, the petition for dissolution was filed one month after the youngest child was no longer a minor and more than two years after the older child reached majority. As to the older child, the Wife cannot seek any retroactive child *250 support because the child was over the age of nineteen during the twenty-four months preceding the petition, meaning the requirements of section 743.07(2) also would not apply. To the extent the trial court concluded the Wife could not seek retroactive support for the younger child, however, the trial court erred. It is unclear from this record whether the younger child meets the requirements of section 743.07(2) such that the Wife may have had some entitlement to ongoing child support at the date of filing. Even if the child was not in high school and expecting to graduate before age nineteen at the time the petition was filed, in light of section 61.30(17), the Wife may seek a maximum of twenty-three months of support for this child, which is the portion of the twenty-four months prior to the date of filing that the child was a minor. Specifically, the retroactive child support should be calculated from December 12, 2003, up through the child's eighteenth birthday on November 11, 2005. If the child remained dependent upon the Wife and in high school, performing in good faith with a reasonable expectation of graduation before the age of nineteen, the Wife may seek the full twenty-four months of retroactive support. Because the Husband defaulted and the record is quite limited, there is nothing in this record that would currently suggest any basis to exercise reasoned discretion to limit this award except for the voluntary payments that the Wife has conceded.
We note that the Wife specifically asked for reimbursement of the health insurance premiums she paid for both children for the prior twenty-four months. She also asked for continued payment of the children's health insurance premiums until they were twenty-one. There is no question that the Wife cannot seek payment of the children's health insurance beyond the age of eighteen, with the possible exception of the short period provided for in section 743.07(2). Rather, the Husband's obligation to assist in providing health insurance to the child is tied to his obligation to support the child and must coincide with the period of time in which that obligation exists.
Additionally, the Wife's entitlement to any contribution for the payment of past health insurance premiums arises through the calculation of the retroactive child support under the child support guidelines. Under section 61.30(3)(e), the Wife may deduct from her gross income the cost of her personal health insurance, excluding the cost for the minor child, before calculating the child support obligation. Notably, the Wife cannot deduct the cost she voluntarily pays for her other adult child because he is not a minor. The parties' net incomes are thereafter combined to determine the minimum child support need under the chart provided in section 61.30(6). Thereafter, the cost of the health insurance premium for the child can be added to the minimum child support need amount and the parties' percentage share of the total amount determined. See § 61.30(8), (9). Of course the court would then generally require the Wife to maintain that insurance for the benefit of the child through the child's minority.

III. THE WIFE PRESENTED SUFFICIENT EVIDENCE TO SUPPORT HER CLAIM
Given that the Wife had pleaded an appropriate basis for retroactive child support in her petition, we must address the trial court's alternative holding that the Wife failed to present appropriate evidence at the final hearing to support her claim. The Wife's motion for rehearing asserted that the Wife had presented sufficient evidence to support the claim, that further documentation was not necessary but that *251 she had offered to continue the hearing to provide further documentation if the court requested it, and that she had established a legal basis for retroactive support. At the hearing on this motion, the court simply indicated that it had concluded the Wife had no claim for retroactive support, whether there was evidence to support it or not. It was only upon entry of the order on the motion for rehearing that the court indicated it was denying rehearing based on a lack of evidence.
The Wife clearly stated a claim for retroactive child support for her younger child. If there was specific information necessary to determine the appropriate amount of support that was not available at the final hearing, the court should have provided the Wife with the opportunity to continue the hearing to obtain and present that evidence. It should not have summarily denied the claim for child support without first providing that opportunity.

IV. THE REMAINING CLAIMS
In addition to child support and the child's health insurance premiums, the Wife asked for two other things: an order that the Husband pay an outstanding medical bill of $550 for the oldest child after he reached the age of majority and an order that the Husband reimburse the Wife for payments she made to maintain health insurance for him.
This record does not reveal whether the outstanding medical bill can be properly classified as a marital liability. Section 61.075(5) defines marital liabilities as all "liabilities incurred during the marriage, individually by either spouse or jointly by them." If the debt is marital, the Wife may seek distribution of that debt pursuant to section 61.075(1). See also Mahoney v. Gay, 516 So.2d 86, 87 (Fla. 3d DCA 1987) (holding "the trial court abused its discretion in failing to indemnify the wife for reasonable medical expenses incurred during the marriage").
The Wife's payment of the Husband's medical insurance premiums is more problematic. During the marriage, each party generally owes the other party a duty of support. See Killian v. Lawson, 387 So.2d 960 (Fla.1980) (discussing common law duty to support spouse). While the parties were married, these monthly payments were marital expenses. See Beers v. Pub. Health Trust, 468 So.2d 995, 1001 (Fla. 3d DCA 1985) ("Florida law renders a spouse financially responsible for the other spouse's necessary bills."). Thus, there is no statutory authority for reevaluating payments made during the marriage by one party for the benefit of the other party, at least until a petition for dissolution of marriage is filed. As a result, the Wife may not be able to recover the payments she made for the Husband's health insurance premiums.

V. REHEARING WAS APPROPRIATE UNDER THESE CIRCUMSTANCES
The appellate standard of review concerning orders denying rehearing is not well developed within Florida law, but the decision would seem to involve an issue for which the trial court often has discretion. See Trammell v. Ward, 667 So.2d 223, 226 (Fla. 1st DCA 1995) (concluding the trial court abused its discretion in failing to grant rehearing); Monarch Cruise Line, Inc. v. Leisure Time Tours, Inc., 456 So.2d 1278, 1280 (Fla. 3d DCA 1984) (classifying trial court's ruling on motion for rehearing as a "discretionary act of the trial judge" not to be disturbed without "a clear showing that the trial court abused its discretion").
In this case, an issue that is a matter of first impression in Florida was presented in a petition filed on fill-in-the-blank *252 pleading forms, and those forms provided an ambiguous method to allege the claim. Using this form, the Wife attempted to properly present her claim for child support. The claim for retroactive child support was not opposed by the Husband, who chose to take no action in the case. This issue of whether a parent can seek retroactive child support once a child is an adult was first raised by the trial court and was not a matter that the Wife pro se had any reason to anticipate would be a disputed issue when she prepared for the final hearing. Although we do not know what occurred at the final hearing, the motion for rehearing, filed by the Wife's newly retained attorney, and the accompanying documents clearly show that her attorney can properly allege this claim even if it might require the filing and service of an amended petition. Any failure to present specific evidence at the final hearing should have resulted in a brief continuance to permit the Wife to gather the appropriate evidence rather than a denial of the claim. Under all these circumstances, we conclude that the trial court abused its discretion in not providing the Wife an opportunity to plead and present this claim.
On remand, the Wife should be permitted to submit evidence establishing the appropriate child support calculation, and the award of child support should be made retroactive to December 12, 2003, continuing until the child's eighteenth birthday, unless it should be extended to the child's graduation from high school pursuant to section 743.07(2).
Reversed and remanded.
SALCINES, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] Citing Waite v. Kennedy, 724 So.2d 572 (Fla. 3d DCA 1998); Gherardi v. Gherardi, 712 So.2d 1236 (Fla. 4th DCA 1998); Anderson v. Anderson, 609 So.2d 87 (Fla. 1st DCA 1992).
[2] Citing Mason v. Reiter, 564 So.2d 142 (Fla. 3d DCA 1990); Watkins v. Jackson, 487 So.2d 99 (Fla. 4th DCA 1986); Coleman v. Mackey, 424 So.2d 170 (Fla. 3d DCA 1983); McQueen v. Stratton, 389 So.2d 1190 (Fla. 2d DCA 1980).
[3] The Fourth District has interpreted the language of the subsection to indicate "an all encompassing public welfare intent that children be supported." Bellville v. Bellville, 763 So.2d 1076, 1078 (Fla. 4th DCA 1999).