BONAVITA, AUGUST, ASSOCIATE Judge.
John Pitcher, the father and one of two survivors of the decedent, Christina Pitcher, appeals the trial court’s order denying his motion for reconsideration of that court’s order on the Motion for Taxation of Attorney’s Fees and Costs filed by the other survivor, Olga Waldo, Individually and as Personal Representative of the Estate of Christina Pitcher, deceased. The fee award stems from a wrongful death action instituted by the Estate against a third party. The defendants in the wrongful death suit had challenged the motion for fees arguing, inter alia, that the law firm acted unethically by simultaneously representing both the Estate and the two survivors individually and thus was not entitled to attorney’s fees. The Estate responded, arguing that the defendants lacked standing to raise this argument. In its order awarding fees, the trial court wrote:
A) Defendants ... do not have standing to challenge Plaintiff’s counsel’s representation of the survivors on ethical grounds. Plaintiffs counsel did not represent either Defendant at any time, nor did either survivor suffer harm due to counsel’s representation, nor has either survivor complained of counsel’s representation. All facts support an excellent result for the Plaintiff.
B) Factually, a conflict in representation of Mrs. Waldo and Mr. Pitcher does not exist and was never claimed by either survivor. The survivors had agreed to pro rata distribution of a prior settlement and any settlement prior to trial, and have waived any potential conflict....
(emphasis added).
The appellant’s sole argument in his motion for reconsideration was that the above-highlighted language in the trial court’s order is obiter dicta and thus should be stricken. The trial court denied the motion finding the appellant lacked standing, as an individual survivor, to challenge the order awarding fees.[1] This court has jurisdiction pursuant to Florida *982 Rules of Appellate Procedure 9.030(b)(1)(B) and 9.130(a)(4), allowing for appellate review of non-final orders entered after a final order on authorized motions. A determination of standing is subject to de novo review. Westport Recovery Corp. v. Midas, 954 So.2d 750, 752 (Fla. 4th DCA 2007).
In this case, the law firm that had represented the Estate in the wrongful death litigation simultaneously represented both survivors, including the appellant, individually. Five months after the final judgment was entered in favor of the Estate, the law firm unilaterally terminated its representation of the appellant, thus forcing him to retain new counsel. Based on this, we agree with the appellant that he would have standing to file his motion for reconsideration challenging the lower court’s order awarding attorney’s fees. See generally In re Estate of Catapane, 759 So.2d 9 (Fla. 4th DCA 2000).
We likewise agree with Pitcher’s argument that the highlighted portions of the lower court’s order awarding fees are obiter dicta. The only issues presented and litigated at the fee hearing were whether the law firm representing the Estate was entitled to a reasonable fee for the wrongful death action and whether the defendants in the wrongful death action lacked standing to challenge the fee award based on an alleged conflict between the firm and individual survivors. Regarding the former, the trial court found that the defendants lacked standing. Thus, contrary to the appellee’s claim, the highlighted language relates to matters which were neither germane to nor a part of the fee issue. Thus, they constitute obiter dicta. See Bunn v. Bunn, 311 So.2d 387, 389 (Fla. 4th DCA 1975) (“[A] purely gratuitous observation or remark made in pronouncing an opinion and which concerns some rule, principle or application of law not necessarily involved in the case or essential to its determination is obiter dictum ... [and] has no precedential value.”). We therefore remand with instructions that the above-highlighted language in the order awarding fees be stricken.

Reversed and remanded.

POLEN and STEVENSON, JJ„ concur.

. The trial court also denied Pitcher’s Motion on the ground that “[i]f the Motion was made pursuant to 1.530, Rules of Civil Procedure, it is denied as untimely.” However, in her brief Waldo has not directly argued this as a basis for affirming the lower court’s order, and therefore, we likewise decline to do so. See Polyglycoat Corp. v. Hirsch Distribs., Inc., 442 So.2d 958, 960 (Fla. 4th DCA 1983) ("When points, positions, facts and supporting authorities are omitted from the brief, a court is entitled to believe that such are waived, abandoned, or deemed by counsel to be unworthy.”). Likewise, we reject Waldo’s claim that the issue raised is otherwise not preserved and/or is waived. Pitcher’s attorney filed a notice of appearance on November 29, 2010, and attended the evidentiary hearing on the fee motion on December 17, 2010, without making any argument. After receiving proposed orders from the Estate and the defendants in the wrongful death action, the court on January 18, 2011, entered its order awarding fees. Pitcher filed his motion for reconsideration on February 3, 2011, sixteen days later. Thus, technically speaking, the motion was untimely. See Fla. R. Civ. P. 1.530. However, as Pitcher points out, his tardiness in filing the motion was because he received the final order by mail from the law firm and not the trial court. It was at that time that he was first alerted to the highlighted language and filed his motion — he was never included in the distribution list of the proposed order. We find that given these unique circumstances, strict application of the time limitation would be unjust. See generally Baraban v. Sussman, 439 So.2d 1046, 1047 (Fla. 4th DCA 1983) (citing Fla. R. Civ. P. 1.010) (”[T]he rules shall be construed to secure the just, speedy and inexpensive determination of every action.”).