DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**ARLENE DONOVAN,**
Appellant,

v.

**FLORIDA PENINSULA INSURANCE COMPANY,**
Appellee.

No. 4D11-4648

[July 9, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Thomas H. Barkdull, Judge; L.T. Case No. 502011CA011065XXXXMB.

Russel Lazega and Yasmin Gilinsky of Florida Insurance Advocates, Dania Beach, for appellant.

Robert S. Horwitz of Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow & Schefer, P.A., West Palm Beach, and Diane H. Tutt of Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow & Schefer, P.A., Hollywood, for appellee.

CIKLIN, J.

Arlene Donovan appeals the order dismissing with prejudice her cause of action for breach of a property insurance contract. The trial court dismissed the suit based on two grounds: the statute of limitations and a finding that Donovan failed to comply with the insurance contract's notice of loss provision. We agree with Donovan that the judicial act of dismissal was not warranted on either ground, and we reverse and remand for further proceedings.

Donovan brought a complaint against the appellee, Florida Peninsula Insurance Company (Florida Peninsula), for breach of property insurance contract. Donovan alleged that she purchased homeowner's insurance from Florida Peninsula, and that the policy included hurricane coverage. After her home was damaged by Hurricane Wilma in October 2005, an appraisal award was entered by an umpire. However, Donovan's

application for a local government permit to repair her roof was denied because the roofing material envisioned in the appraisal was no longer being manufactured. Thereupon Donovan requested from Florida Peninsula the remaining insurance benefits to complete the repairs in compliance with applicable code. In January 2010, Florida Peninsula refused and Donovan filed the underlying lawsuit in July of 2011.[1]

Florida Peninsula moved to dismiss the suit, arguing that it was brought more than five years after the 2005 loss and was time-barred by section 95.11(2)(e), Florida Statutes (2011), and that Donovan provided late notice of loss. The court entered an extremely brief order granting the motion based on the grounds argued by Florida Peninsula, "to wit: Statute of Limitations and Late Notice."

The parties do not dispute that the statute of limitations period for Donovan's contract action is five years. Instead, they dispute whether the limitations period began running when the cause of action accrued (when Florida Peninsula denied coverage) or on the date of loss (October, 2005).

Section 95.11(2)(e) became effective on May 17, 2011 after Donovan's cause of action accrued. This statutory enactment provided that the limitations period in an action for breach of property insurance contract began running from the *date of loss.* Prior to the effective date of section 95.11(2)(e), a suit for breach of a property insurance contract began running from the date the *cause of action accrued*—that is, when coverage was alleged to have been erroneously denied. *See* § 95.11(2)(b), Fla. Stat. (2010) (providing for a five-year limitations period for "[a] legal or equitable action on a contract, obligation, or liability founded on a written instrument"); § 95.031(1), Fla. Stat. (2010) (providing that, unless otherwise specified, the limitations period begins running when the cause of action accrues, which is "when the last element constituting the cause of action occurs"); *J.J. Gumberg Co. v. Janis Servs., Inc.*, 847 So. 2d 1048, 1050 (Fla. 4th DCA 2003) ("In regard to insurance contracts, a specific refusal to pay a claim is the breach which triggers the cause of action and begins the statute of limitations running.") (citation omitted).

The parties are in agreement that the application of section 95.11(2)(e) to Donovan's action would be retroactive. To the extent section 95.11(2)(e) is properly regarded as a statute of limitations, as the parties

---

[1] The record is unclear as to the exact date coverage was denied, but it appears the denial occurred sometime on or after January 5, 2010, when Donovan's claims adjuster requested additional coverage.

believe,[2] it could not be applied retroactively unless it was clear the legislature intended it to be given such application. *See Melendez v. Dreis & Krump Mfg. Co.*, 515 So. 2d 735, 736 (Fla. 1987) ("It is well settled that before a statute of limitations can be applied retroactively, there must be a clear manifestation of legislative intent that the statute be given retroactive effect."); *Homemakers, Inc. v. Gonzales*, 400 So. 2d 965, 967 (Fla. 1981) ("[A] statute of limitations will be prospectively applied unless the legislative intent to provide retroactive effect is express, clear and manifest."); *Garofalo v. Cmty. Hosp. of S. Broward*, 382 So. 2d 722, 724 (Fla. 4th DCA 1980) ("We start with the basic proposition that a shortening of any statute of limitations will be given retroactive application only upon the showing of clear intent by the Legislature.") (citations omitted). Section 95.11(2)(e) does not contain evidence of the legislature's intent for retroactive application, on its face or in its legislative history. Nor does it contain a savings clause, which would allow for a period of time to file suit for those with existing causes of action—such clauses indicate the legislature's intent for retroactive application. *Carpenter v. Fla. Cent. Credit Union*, 369 So. 2d 935, 937 (Fla. 1979).

In sum, the court erred in applying section 95.11(2)(e) retroactively in the absence of evidence of the legislature's intent for such application.

The court also dismissed Donovan's suit based on her alleged failure to comply with a notice of loss provision in the contract. "The trial court cannot go beyond the four corners of the complaint in deciding the merits of a motion to dismiss. When confronted with a motion to dismiss, the court is required to take the allegations of the complaint as true and to decide only questions of law." *Rohatynsky v. Kalogiannis*, 763 So. 2d 1270, 1272 (Fla. 4th DCA 2000) (citations omitted). However, "[a] trial court is not bound by the four corners of the complaint where the facts are undisputed and the motion to dismiss raises only a pure

[2] Although the parties do not raise the possibility, it appears that section 95.11(2)(e) is actually a statute of repose, as it provides for a particular event that starts the limitations period running. *See Carr v. Broward Cnty.*, 505 So. 2d 568, 570 (Fla. 4th DCA 1987) ("The period of time established by a statute of repose commences to run from the date of an event specified in the statute. . . . At the end of the time period the cause of action ceases to exist."). Statutes of repose have been held to be substantive in nature. *See Philip Morris USA, Inc. v. Hess*, 95 So. 3d 254, 260 (Fla. 4th DCA 2012). As such, in order to apply retroactively, the statute must reflect a clear legislative intent for retroactive application. *Pembroke Lakes Mall Ltd.*, 4D11-4005, 2014 WL 714706, at *4 (Fla. Feb. 26, 2014) (citation omitted).

question of law." *Metro. Cas. Ins. Co. v. Tepper*, 969 So. 2d 403, 405 (Fla. 5th DCA 2007) (citation omitted).

Here, the record contains Donovan's complaint and Florida Peninsula's motion to dismiss, with their respective exhibits. The record before us does not establish whether the contract contained a notice of loss provision and whether Donovan failed to comply with such a provision. Accordingly, the trial court erred in ordering a dismissal on this ground.

It is not apparent from the record before us that Florida Peninsula was entitled to a dismissal with prejudice. We therefore reverse the order dismissing Donovan's complaint and reinstate her cause of action for further proceedings.

*Reversed and remanded for further proceedings.*

MAY and KLINGENSMITH, JJ., concur.

\*   \*   \*

***Not final until disposition of timely filed motion for rehearing.***