Gerber, J.
The former wife appeals from the circuit court’s final judgment denying her request seeking retroactive child support for the first time over three years after the child’s 18th birthday. The court found that the former wife lacked standing to bring the claim.
We affirm. The former wife lacked standing to seek retroactive child support for the first time over three years after the child’s 18th birthday with no showing that the child was otherwise legally dependent under section 743.07(2), Florida Statutes (2015), or that such support was otherwise agreed to by the parties. See § 61.13(l)(a)l.a., Fla. Stat. (2015) (“All child support orders and income deduction orders entered on or after October 1, 2010, must provide ... [f]or child support to terminate on a child’s 18th birthday unless the court finds or previously found that s. 743.07(2) applies, or is otherwise agreed to by the parties.”); § 61.30(17), Fla. Stat. (2015) (“In an initial determination of child support, ... the court has discretion to award child support retroactive to the date when the parents did not reside together in the same household with the child, not to exceed, a period of months preceding the filing of the petition, regardless of whether that date precedes the filing of the petition. ... ”); Campagna v. Cope, 971 So.2d 243, 249 (Fla. 2d DCA 2008) (“[A] spouse seeking child support in a dissolution action that is filed after a child reaches the age of majority is generally entitled to support only for those months within the preceding twenty-four months when the child was a minor or qualified for support under section 743.07(2).”).
The cases upon which the former wife relies to support her alleged standing are distinguishable from the instant case. See, e.g., Friedman v. Friedman, 508 So.2d 781, 782 (Fla. 4th DCA 1987) (spouse had *139 right to seek enforcement of a judgment for past due support for sums which had accrued during the period prior to emancipation); Grobleski v. Grobleski, 489 So.2d 104, 105-06 (Fla. 2d DCA 1986) (court had the authority to hold spouse in contempt for default on child support after child-attained age eighteen where settlement agreement provided spouse would pay child support until child attained age twenty-one).
In reaching our decision, we note that in the court’s order granting the husband’s motion for summary judgment, which led to the final judgment denying the former wife’s request for retroactive child support, the court stated that any claim for retroactive child support “belongs to the child.” Whether the child has standing to claim retroactive child support was not an issue before the court.
Consequently, we affirm the circuit court’s final judgment denying the former wife’s request for retroactive child support, but remand with instructions to strike from the order granting the former husband’s motion for summary judgment the finding: “That claim belongs to the child, who is no longer a minor.” See Pitcher v. Waldo, 103 So.3d 980, 982 (Fla. 4th DCA 2012) (remanding to strike dicta from order where such language constituted “a purely gratuitous observation or remark made in pronouncing an opinion and which concerns some rule, principle or application of law not necessarily involved in the case or essential to its determination ... ”) (citation omitted).

Affirmed but remanded with instructions.

Ciklin, C.J., and Damoorgian, J., concur.