DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KIMBERLY MORRELL,**
Appellant,

v.

**MARK ALSENTZER,**
Appellee.

No. 4D2024-1148

[July 16, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Rosemarie Scher, Judge; L.T. Case No. 50-2010-DR-012990-XXXX-SB.

Stacey D. Mullins of GrayRobinson, P.A., Boca Raton, for appellant.

Jaclyn R. Soroka of Betras Kopp, LLC, Lakewood Ranch, and Kayla C. Di Scala of Rudolph & Associates, LLC, West Palm Beach, for appellee.

***ON APPELLEE'S MOTION FOR REHEARING
AND REQUEST FOR EN BANC REVIEW***

WARNER, J.

We deny appellee's motion for rehearing and request for en banc review, vacate our prior opinion, and substitute the following in its place.

Appellant ("the mother") appeals the trial court's order dismissing her child support petition. We reverse. Section 61.30(17), Florida Statutes (2021), permits the trial court, in an initial child support determination, to award support from the award date, retroactive up to twenty-four months before the petition was filed. The mother doesn't challenge the order's dismissal of any claim for prospective support beyond the child's emancipation.

Originally, in 2010, appellee ("the father") petitioned for establishment of paternity of the minor child as well as custody and parental responsibility. At that time, the child resided with the father. The parties ultimately agreed to the father's paternity, and that the child would reside

with the father, who would have sole parental responsibility. The mother would have visitation. Neither the agreement nor the order approving it provided for child support.

In January 2021, the mother filed a petition for modification seeking child support, which petition is the subject of this appeal. She alleged a substantial change in circumstances, because the child had moved into the mother's home in 2019, and the child's special needs required support for which the mother required assistance. The mother amended her petition in May 2022 to request retroactive support and prospective child support beyond the child's emancipation. In August 2022, the child became emancipated by turning eighteen.

Three days after the child's emancipation, the father filed a motion to dismiss the mother's amended petition. The father stated that the final paternity judgment had not established child support, and no interim order had established child support either. He claimed that the trial court had lost subject matter jurisdiction because the mother no longer had standing to bring the child support petition after the child's emancipation, citing *Lawrence v. Hershey*, 890 So. 2d 350 (Fla. 4th DCA 2004).

The trial court referred the matter to a special magistrate, who recommended that the portion of the petition seeking child support beyond the child's emancipation be dismissed. However, the magistrate recommended that the motion to dismiss be denied with respect to the mother's petition for child support up to twenty-four months prior to the filing of the petition and for child support from the filing of the petition up to the date of the child's legal emancipation. The trial court initially entered an order adopting the magistrate's recommendations.

The father moved to vacate the order adopting the magistrate's recommendation. The trial court reconsidered and granted the father's motion, dismissing the mother's petition for support on two grounds. First relying on *Lawrence*, the court held that "parents lack standing *to pursue child support* once the child attains the age of legal majority," and the mother had not timely pursued child support; thus, she lacked standing for any child support. The court also found the mother lacked standing to pursue child support retroactive to 2019, when the child moved in with the mother, because the court measured the twenty-four-month period for retroactive child support permitted by section 61.30(17), Florida Statutes (2021), from the date of the *father's* original paternity petition and not from the mother's petition. The mother appeals the dismissal of her petition.

2

## Analysis

We review de novo a trial court's determination on a motion to dismiss. *Preudhomme v. Bailey*, 334 So. 3d 338, 340 (Fla. 4th DCA 2022). Whether a party has standing is also reviewed de novo. *Boyd v. Wells Fargo Bank, N.A.*, 143 So. 3d 1128, 1129 (Fla. 4th DCA 2014). "Questions of statutory interpretation are subject to de novo review." *Mendenhall v. State*, 48 So. 3d 740, 747 (Fla. 2010).

In the trial court's order, the court found that the mother lacked standing to bring a claim for child support for the time prior to filing the petition, from May 2019 to January 2021, as well as the time after filing the petition until the child turned eighteen, because a child support order had not been entered before the child's emancipation and based on section 61.30(17), Florida Statutes (2021). The trial court relied on *Lawrence*, finding *Lawrence* had held that parents lack standing to pursue child support once the child attains majority.

However, *Lawrence* does not preclude a parent from seeking child support for the time period prior to the child attaining emancipation. In *Lawrence*, the mother petitioned for child support thirteen days prior to the child's emancipation seeking prospective child support for her dependent daughter. 890 So. 2d at 351 n.1. The trial court dismissed the petition, and we affirmed, concluding, "Generally, once the child reaches the age of majority, a parent loses standing to pursue child support." *Id.* at 351. Thus, *Lawrence* applied to a case where the parent sought child support for an adult, not retroactive child support for the time the child was a minor. *Lawrence* does not preclude a parent from seeking retroactive child support for a period where the child was a minor, even if the child has since attained majority. Thus, here, we conclude *Lawrence* does not preclude the mother's standing to move for retroactive child support for a period prior to the child's emancipation.

The trial court also found that section 61.30(17) did not provide the mother with standing because the child was emancipated. That section states:

> **In an initial determination of child support**, whether in a paternity action, dissolution of marriage action, or petition for support during the marriage, **the court has discretion to award child support retroactive** to the date when the parents did not reside together in the same household with the child, **not to exceed a period of 24 months preceding**

**the filing of the petition**, regardless of whether that date precedes the filing of the petition.

§ 61.30(17), Fla. Stat. (2021) (emphasis added). This subsection "indicates an all encompassing public welfare intent that children be supported." *Bellville v. Bellville*, 763 So. 2d 1076, 1078 (Fla. 4th DCA 1999).

*Campagna v. Cope*, 971 So. 2d 243 (Fla. 2d DCA 2008), provides guidance on section 61.30(17)'s interpretation. In *Campagna*, the wife filed a dissolution petition after both her children had reached the age of majority, seeking retroactive child support dating back to the couple's separation seven years prior. *Id.* at 245. The youngest child had become an adult one month before the petition was filed, but the oldest child had been an adult for over two years at the time of filing. *Id.* The lower court denied child support, deciding a parent could not seek child support for a child, including retroactive child support, once a child had turned eighteen. *Id.* at 247.

*Campagna* concluded that the mother had standing, despite the children having turned eighteen:

> We conclude that in light of section 61.30(17), *if a child has turned eighteen but a parent resided with and supported the child before the child turned eighteen, the parent maintains his or her standing to recover the other parent's share of any support for the twenty-four months prior to the date of filing the petition pursuant to the child support guidelines.* The statute itself does not contain any language suggesting that it intends to limit retroactive child support to claims made by a parent while the relevant child is still a minor. We are inclined to believe that a plain reading of the statute discloses no limitation based on the age of the child at the filing of the petition.

*Id.* at 248 (emphasis added). Applying its analysis to the facts, the Second District determined the wife could not seek retroactive child support for the older child who was over the age of nineteen during the twenty-four months preceding the petition. *Id.* at 250. However, the Second District determined that the trial court had erred in denying the wife's claim for the younger child, as that child had turned eighteen one month before the petition was filed, so the wife could seek a maximum of twenty-three months of support for the younger child. *Id.*

4

Our decision in *Garcia-Lawson v. Lawson*, 211 So. 3d 137 (Fla. 4th DCA 2017), is in line with *Campagna*. In *Garcia-Lawson*, we affirmed the trial court's finding that the former wife lacked standing to bring a claim for retroactive child support for the first time over three years after the child's eighteenth birthday. *Id.* at 138. Pursuant to section 61.30(17), the trial court had discretion in "an initial determination of child support" to award retroactive support where the parents did not reside together for a period "*not to exceed . . .* 24 months preceding the filing of the petition." *Id.* The petition in *Garcia-Lawson* was filed three years after the child had turned eighteen, thus the child was not a minor for any portion of the twenty-four months preceding the petition. *Id.*; *see also Dep't of Revenue v. E.P.,* 373 So. 3d 395, 398 (Fla. 2d DCA 2023) (reaffirming *Campagna* and, based on section 61.30(17), determining that the DOAH had the authority to award retroactive child support for the twenty-four months prior to the child support petition's filing where the child had already turned eighteen but had resided with and had been supported by the parent before turning eighteen).

Applying *Campagna* and *Garcia-Lawson*, we conclude that section 61.30(17) provides standing for the mother to seek child support for up to twenty-four months prior to the filing of the petition as the minor child had not turned eighteen. Additionally, the mother can seek child support for the minor child after filing the petition up to when the child turned eighteen. *See Dickson v. Dickson*, 204 So. 3d 498, 504 (Fla. 4th DCA 2016) (quoting *Leventhal v. Leventhal*, 885 So. 2d 919, 920 (Fla. 3d DCA 2004)) ("A trial court abuses its discretion when it fails to award retroactive support from the date of the filing of a petition for dissolution of marriage where there is a need for child support and an ability to pay.").

The trial court in the current proceeding acknowledged in its findings that no child support determination was ever made but rejected section 61.30(17)'s application to the mother's petition. The court concluded that the section 61.30(17)'s reference to "the petition," from which the twenty-four-month retroactive period should be calculated, meant the father's original paternity petition. On this record, we disagree.

Although the father's original paternity petition stated that he sought child support, the petition did not request child support in the "Wherefore" clause nor did it include any child support allegations regarding need and ability to pay. The Mother answered the petition stating that she:

> [A]dmits all the allegations as provided herein. By admitting all of the allegations in the Petition, Respondent agrees to *all*

> *relief requested* in the Petition, as long as it is consistent with the Partial Paternity Agreement that the parties entered into.

(Emphasis supplied).  The parties' settlement agreement did not refer to child support.

While a trial court "can award [child] support even where it is not sought in the pleadings," *Scariti v. Sabillon*, 16 So. 3d 144, 146 (Fla. 4th DCA 2009), here the trial court did not award child support.[1]  The paternity final judgment, like the settlement agreement incorporated in it, did not refer to child support.  Despite the standard family law orders in the case requiring the production of financial information and noting that no final judgment would be entered without a child support determination, the final judgment did not determine or even mention child support.[2]  The final judgment did reserve jurisdiction to resolve any other matters raised in the petition, but the reservation did not determine child support by addressing the relevant factors regarding the child's needs and ability of each parent to pay.  *See* § 61.30, Fla. Stat. (2010); *Mason v. Reiter*, 564 So. 2d 142 (Fla. 3d DCA 1990) (determining paternity, reserving jurisdiction and, at later date, determining child support owed).

Section 61.30(17) allows for retroactive child support in an "*initial determination of child support.*"  *See* § 61.30(17), Fla. Stat. (2021) (emphasis added).  Such relief can be granted for only the twenty-four months before the petition was filed, for a period where the parties did not reside together.  Because no prior child support determination had been made, and because the father's petition did not seek child support, the mother's petition was the "initial determination" request.  We understand section 61.30(17)'s reference to "the petition" as the petition actually seeking child support from which the initial determination would be made.  Thus, the mother's petition should be considered the petition from which the twenty-four-month period is measured.  Therefore, the mother had standing to bring the claim for retroactive child support from emancipation, including the twenty-four months before the petition was filed.

---

[1] We recognize by statute the trial court was to determine the parties' ability to support the child and order either or both parents owing a duty of support to the child to pay support.  *See* § 742.031(1), Fla. Stat. (2010).  Here, however, the paternity final judgment did not include any child support determination.

[2] The record does not show any efforts by the father to have the court amend the final judgment and determine child support.

Finally, we note the trial court's statement at the conclusion of its order that it was a court of equity and "[t]o allow Mother to pursue retroactive child support for the 24 month[s] prior to the filing when there was no award for Father for the time period Mother had no overnights under the Final Judgment and prior, would not be just." To the extent that the court was exercising its discretion and deciding the merits of the mother's claim, the court erred, because the only issue before the court was the father's motion to dismiss. *Donovan v. Fla. Peninsula Ins. Co.*, 147 So. 3d 566, 568 (Fla. 4th DCA 2014) (quoting *Rohatynsky v. Kalogiannis*, 763 So. 2d 1270, 1272 (Fla. 4th DCA 2000)) ("The trial court cannot go beyond the four corners of the complaint in deciding the merits of a motion to dismiss."). Such considerations should be left to the determination of the issue on the merits.

**Conclusion**

The mother sought an initial child support determination approximately nineteen months before her daughter turned eighteen. While the mother could not seek child support for her daughter for the time period after her daughter turned eighteen, we hold that the mother had standing to seek child support for the period between the filing of the petition and the daughter turning eighteen. Further, pursuant to section 61.30(17), the mother had standing to seek retroactive child support for a period not to exceed twenty-four months before her petition was filed, although she must prove her entitlement. We thus reverse and remand for further proceedings.

*Reversed and remanded.*

FORST and KLINGENSMITH, JJ., concur.

\* \* \*

***No motion for rehearing will be entertained.***
***Mandate shall issue immediately.***

7